IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SWINOMISH INDIAN TRIBAL COMMUNITY, )
)
Plaintiff, )
)
v. ) Case No. 06-cv-00899L
) Judge Francis M. Allegra
THE UNITED STATES OF AMERICA, )
)
Defendant. )
)

**PARTIES' JOINT MOTION FOR**
**TEMPORARY STAY OF LITIGATION**
**AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court issue a temporary stay of the litigation of this case, effective immediately, to and including August 17, 2007. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 27, 2006. See Complaint, Doc. 1. Plaintiff makes allegations in the case relating to the trust accounting and trust funds management duties and responsibilities allegedly owed by Defendant to Plaintiff.

2. Under RCFC 12, the deadline for Defendant to file its Answer or otherwise respond to the Complaint is currently February 26, 2007.

3. Between February 14 and 20, 2007, Plaintiff's counsel, Emily Hutchinson, conferred by telephone with Defendant's counsel, Anthony P. Hoang, about the case, and, among other things, they discussed and agreed that they would (a) explore the possibility of resolving or narrowing Plaintiff's issues and claims through settlement discussions or other forms of alternative dispute resolution (ADR); (b) explore the possibility of undertaking several activities, including informal requests for and productions of relevant or potentially relevant documents and data, in furtherance of

the settlement discussions or ADR; and (c) seek jointly a temporary stay of litigation, to and including August 17, 2007. Counsel for the parties agreed that, during the jointly requested temporary stay of litigation, they would continue to confer and determine the possibility of developing and implementing a joint, cooperative process for obtaining and exchanging relevant or potentially relevant documents and data and for exploring settlement discussions or ADR and narrowing Plaintiff's issues and claims.

4. Also in their telephone conferences, Defendant's counsel informed Plaintiff's counsel that there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1] in the United States District Court for the District of Columbia,[2] and in the United States District Courts in Oklahoma.[3] See Defendant's Exhibit (Exh.) 1 hereto. Given the number of similar cases pending against Defendant and the significant potential for overburdening Defendant's already limited resources, counsel for the parties agreed that it would be sensible for Plaintiff and Defendant to explore the possibility of working together to narrow Plaintiff's issues and claims in this case or resolve the case without the need for protracted litigation, if possible.

5. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the Interior Department and from the Chief Counsel's

1/ There are currently 57 Tribal trust cases, including this one, in the Court of Federal Claims. See Exhibit (Exh.) 1.

2/ There are currently 37 Tribal trust cases in the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff has not brought a companion case in the District Court of the District of Columbia.

3/ There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff has not brought a companion case in any of the District Courts in Oklahoma.

Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff in this case) and with counsel for the Tribes in the cases (including counsel for Plaintiff herein), to determine the feasibility of developing a joint, cooperative approach for resolving the Tribes' issues and claims in general, and the Plaintiff's issues and claims, in particular, as an alternative to litigation.

6. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Temporarily stay the litigation of this case, to and including August 17, 2007;

b. Make the temporary stay effective immediately, thus deferring, among other things, the time and obligation for Defendant to file its Answer or otherwise respond to the Complaint, until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before August 17, 2007, informing the Court of the status of their efforts to narrow or resolve Plaintiff's issues and claims in this case and making a proposal to the Court about how to proceed with this case; and

d. Direct that, in the event that the parties determine to proceed with the formal litigation of this case, the parties set forth, in their joint status report and proposal, their recommendations regarding the deadlines for such items as the filing by Defendant of its Answer or response to the Complaint and the filing of the parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, ¶ 4.

7. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other

hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves in an attempt to narrow or resolve Plaintiff's claims, exchange information, and explore the possibility of settlement or ADR, and with Defendant's ability to confer with Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other Tribes in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 21st day of February, 2007,

*s/ Martin J. LaLonde*
*for James M. Thomas*
JAMES M. THOMAS
Williams, Kastner & Gibbs, PLLC
Two Union Square
601 Union Street, Suite 4100
P.O. Box 21926
Seattle, WS 98101
Tel: (206) 628-6784
Fax: (206) 628-6611
Attorney of Record for Plaintiff

OF COUNSEL:

STEPHEN T. LeCUYER
EMILY HUTCHINSON
Swinomish Indian Tribal Community
P.O. Box 817
La Conner, WA 98257
Tel: (360) 466-7248
Fax: (360) 466-5309

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

KENNETH DALTON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227