**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Electronically filed:<br>April 30, 2007<br><br>Case No. 06-cv-00899 L<br>Judge Francis M. Allegra |

**ANSWER TO COMPLAINT**

DEFENDANT, the UNITED STATES OF AMERICA, submits the following Answer to the Complaint filed in this action. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint:

NATURE OF ACTION

1. Paragraph 1 contains Plaintiff's characterizations of its case to which no response is required.

PARTIES

2. Defendant admits that the Swinomish is a federally-recognized tribe. The second sentence presents Plaintiff's characterizations and conclusions of law to which no response is required.

3. As to the first sentence of Paragraph 3, Defendant admits that it holds funds in trust on behalf of the Swinomish Indian Tribal community. As to the allegations in the second, third and fourth sentences of paragraph 3, Defendant admits that it has trust and fiduciary responsibilities pursuant to certain statutes and regulations and that those responsibilities are carried out by certain agencies including those set forth in sentence 4. As to the allegations in the fifth sentence of Paragraph 3, Defendant denies that the Special Trustee is appointed by the Secretary of the Interior and avers that the Special Trustee is appointed by the President of the United States with the advice and consent of the Senate. The remainder of the fifth sentence of Paragraph 3 consists of Plaintiff's characterizations and conclusions of law to which

no response is required. The cited Act speaks for itself and is the best evidence of its contents.

JURISDICTION

4. Paragraph 4, including all of its sub-paragraphs 4.1 - 4.11, consists of Plaintiff's characterizations of their claims and conclusions of law to which no response is required. The cited acts, statutes, and regulations speak for themselves and are the best evidence of their contents.

5. Paragraph 5 consists of Plaintiff's characterizations and conclusions of law and quotation from Appropriations Acts to which no response is required. The cited Acts speak for themselves and are the best evidence of their contents.

6. Paragraph 6 consists of Plaintiff's characterizations and conclusions of law to which no response is required.

7. Paragraph 7 consists of Plaintiff's characterizations and conclusions of law to which no response is required.

ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. Defendant admits that the Treaty of Point Elliot ("Treaty") was signed on January 22, 1855, and ratified by the Senate on March 8, 1859. The Treaty speaks for itself and is the best evidence of its contents. Defendant lacks sufficient information or belief to determine whether the Tribe "has, from 1855 to the present, occupied the Swinomish Reservation."

9. Defendant avers that the term "approximately at least" is vague and ambiguous, thus precluding Defendant from formulating a specific response thereto. Defendant admits that the Swinomish Reservation includes both tribal and allotted trust land. Defendant further avers that the term "additional lands," twice referenced in the remainder of Paragraph 9, lacks sufficient specificity for the Defendant to formulate a response to the associated contentions. Nevertheless, Defendant admits that the Swinomish Reservation includes both tribal and allotted trust land, that the Tribe is the beneficial owner of fractional interests in lands within the Reservation lands, and that the Tribe is the beneficial owner of lands outside the Reservation.

10. Paragraph 10 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited Act speaks for itself and is the best evidence of its contents..

11. Defendant admits that trust lands referred to in Paragraph 11 include forest lands and

tidelands. Defendant avers that the terms “suitable” and “potentially valuable” are vague and ambiguous, thus precluding Defendant from formulating a specific response to the remainder of paragraph 11.

12. Defendant avers that the term "enormous economic impact” is vague and ambiguous, thus precluding Defendant from formulating a specific response thereto.

13. The allegations in the first and second sentences of Paragraph 13 consist of Plaintiff’s characterizations and conclusions of law to which no response is required. The cited acts, regulations, and opinions speak for themselves and are the best evidence of their contents. In addition, Defendant avers that authority and control of the Plaintiff’s trust funds is shared or has been shared with Plaintiff in accordance with applicable laws, statutes, regulations, or agreement of the parties.

14. Paragraph 14 consists of Plaintiff’s characterizations and conclusions of law and quotation from a judicial opinion to which no response is required. The cited court opinions speak for themselves and provide the best evidence of their contents.

15. Paragraph 15 consists of Plaintiff’s characterizations and conclusions of law to which no response is required.

16. Paragraph 16 consists of Plaintiff’s characterizations and conclusions of law to which no response is required.

17. As to the allegation in Paragraph 17, the phrase “exercised comprehensive statutory and regulatory control” is vague and ambiguous such that Defendant is unable to formulate a response thereto and/or constitutes a characterization and conclusion of law, to which no response is required. Defendant avers that control and management over the Plaintiff’s monetary trust funds and assets is shared and has been shared with the Plaintiff in accordance with applicable laws, statutes, regulations, or agreement of the parties. The allegation that Defendant assumed responsibility for collecting, depositing, and investing income is a characterization and conclusion of law to which no response is required. Defendant admits that Interior has approved leases, easements, and conveyed other interests in trust land and has collected, deposited and invested income generated by trust assets as set forth in Paragraph 17 of the Complaint. Defendant further admits that Interior has shared with Plaintiff management of the Tribe’s forest land and timber.

18. The allegation in Paragraph 18 regarding “[t]he wrongs committed by the Government” is

a characterization and conclusion of law to which no response is required. Defendant is currently without information or knowledge sufficient to form a response to the allegations in Paragraph 18 regarding the extent of the Tribe's knowledge regarding alleged wrongs or whether the Tribe's due diligence would have revealed alleged wrongs.

19. As to the first sentence of Paragraph 19, Defendant denies exclusive control of all the books and records of account concerning Plaintiff's trust funds and trust property. Defendant avers that control and management over the Plaintiff's trust funds and trust property and books and records is shared or has been shared with the Plaintiff in accordance with applicable laws, statutes, regulations, or agreement of the parties. As to the allegations in the second sentence of Paragraph 19, Defendant avers that the phrases "audit or accounting" and "periodic accounting" as used by Plaintiff are vague and ambiguous such that Defendant is unable to formulate a response thereto, *see e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendant avers that the Department of the Interior ("Interior") has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Swinomish Tribe" for Fiscal Years 1973-1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and ( c ) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by the Defendant. Defendant also avers that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request. Defendant denies the allegation in the second sentence of Paragraph 19 that Defendant "has failed to maintain or produce to the Tribe source documents . . . relating to the Tribe's trust funds" and avers that the phrase "key documents" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant denies the allegations contained in the third sentence of Paragraph 19.

20. The first sentence of Paragraph 20 consists of Plaintiff's characterizations of findings of the United States Inspector General for the Department of the Interior, the United States General Accounting Office, and Congress, to which no response is required. Defendant respectfully refers the

Court to the findings of these entities for a full and complete statement of such findings. The second sentence of Paragraph 20 characterizes a report of Congress, to which no response is required. The report speaks for itself and is the best evidence of its contents.

21. Paragraph 21 consists of quotations from a report of Congress, to which no response is required. The quoted report speaks for itself and is the best evidence of its contents.

22. The allegations in the first sentence of Paragraph 22 consist of characterizations and conclusions of law to which no response is required. The second sentence of Paragraph 22 consists of Plaintiff's characterizations of a Congressional report and characterizations and conclusions of law to which no response is required. The Congressional report cited in Paragraph 22 speaks for itself and is the best evidence of its contents.

23. Defendant admits that in May 1991, the Bureau of Indian Affairs awarded a contract to Arthur Andersen to conduct certain agreed upon procedures to reconcile certain tribal trust fund accounts.

24. As to the allegations in the first sentence of Paragraph 24, Defendant admits that a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Swinomish Tribe" (hereinafter "AA Report") was delivered to Plaintiff in 1996. The allegations in the second sentence of Paragraph 24 consist of Plaintiff's characterization of the AA Report, to which no response is required. The AA Report speaks for itself and is the best evidence of its contents.

25. The allegations in Paragraph 25 consist of Plaintiff's characterization of and quotation from the AA Report, to which no response is required. The AA Report speaks for itself and is the best evidence of its contents.

26. Paragraph 26 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts speak for themselves and are the best evidence of their contents.

27. Paragraph 27 consists of Plaintiff's characterizations of a General Accounting Office report, to which no response is required. The cited report speaks for itself and is the best evidence of its contents.

28. Paragraph 28, including sub-paragraphs 28.1 through 28.18, consists of Plaintiff's characterizations of a General Accounting Office report and of the AA Report, to which no response is required. The cited reports speak for themselves and are the best evidence of their contents. Further,

Defendant avers that the phrase “accurate, full, and/or complete accounting” as used by Plaintiff is vague and ambiguous such that Defendant is unable to formulate a response thereto, *see e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).

29. With respect to the first sentence of Paragraph 29, Defendant admits that Interior inquired as to whether Plaintiff accepted the findings of the Andersen Report. Defendant denies the allegations in the second sentence of Paragraph 29.

30. Defendant avers that the term "accounting" as used by Plaintiff, is vague and ambiguous such that Defendant is unable to formulate a response thereto. See, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968). Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendant avers that Interior has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; the AA Report, which sets forth the results of Defendant’s project to reconcile Plaintiff's trust accounts for Fiscal Years 1973-1992, and, from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies that were administered by Defendant. Defendant also avers that additional information concerning Plaintiff’s trust assets has historically been, and is, available to it upon request.

CLAIM FOR RELIEF

(Breach of Trust Duty–Trust Funds Mismanagement)

31. Paragraph 31, including its sub-paragraphs 31.1–31.21, presents Plaintiff's characterizations and conclusions of law to which no response is required.

32. Paragraph 32 presents Plaintiff’s characterizations and conclusions of law to which no response is required.

The remainder of the Complaint constitutes Plaintiff’s prayer for relief to which no response is required.

**General Denial**

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**Affirmative Defenses**

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and any other equitable defenses.

4. To the extent Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel. See Swinomish Tribe of Indians v. United States, Docket 233, 28 Ind. Cl. Comm. 220 (1972).

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 30th day of April, 2007,

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Reources Division
P.O. Box 663
Washington D.C. 20044-0663
Tel. (202) 353-8839
Fax (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL :

ANTHONY HOANG
MARTIN LALONDE
United States Department of Justice

Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel. (202) 353-8839
Fax (202) 353-2021

KENNETH DALTON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD
Attorney
Financial Management Services
United States Department of the Treasury
Washington, D.C. 20227