IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:06-cv-00899L<br>Judge Francis M. Allegra<br><br>Electronically Filed on June 20, 2007 |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Swinomish Indian Tribal Community ("Plaintiff") and Defendant United States of America ("Defendant"), through undersigned counsel, hereby submit this Joint Preliminary Status Report ("JPSR") to the Court.

On May 29, 2007 by telephone conference, counsel for the parties conducted the Early Meeting of Counsel required pursuant to RCFC Appendix A, Section II. Present were: (1) Stephen T. LeCuyer, Attorney of Record for Plaintiff; (2) Emily Hutchinson, Participating Attorney for Plaintiff; (3) Robert W. Rodrigues, Attorney of Record for Defendant; (4) Martin J. LaLonde, Of Counsel for Defendant; and (5) Kenneth Dalton, Of Counsel for Defendant. The parties discussed the items contained in RCFC Appendix A, Sections II and III and submit the JPSR in the form set forth in RCFC Appendix A, Section III. The Parties also wish to advise the Court that it is their intention to seek leave to have this case referred to ADR. The Parties intend to file such a motion in the next thirty days.

(a) **Jurisdiction.**

Plaintiff's Position: The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1491 (the Tucker Act), 28 U.S.C. § 1505 (the Indian Tucker Act), the Treaty of Point Elliot, 12 Stat. 927 (1855), and numerous federal statutes and regulations delineating Defendant's money-mandating fiduciary responsibilities with respect to Indian tribes generally and Plaintiff in particular. *See*, *e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212, 216-18 (1983)("*Mitchell II*").

Defendant's Position: Plaintiff's claims may be barred by application of the statute of limitations at 28 U.S.C. § 2501. In addition, the Court may lack jurisdiction under the Tucker Act, 28 U.S.C. §§ 1491(a)(1), 1505, over those claims for which Plaintiff is unable to identify a substantive source of law, such as a statute, treaty, or regulation, that establishes a specific fiduciary, money-mandating duty, or that were within the exclusive jurisdiction of the Indian Claims Commission. Further, depending on Plaintiff's description of its claims, Defendant may raise the defense of claim preclusion.

(b) **Consolidation.**

The parties agree that the case should not be consolidated with any other case at this time.

(c) **Bifurcation.**

The parties do not propose bifurcation of trial of liability and damages at this time but reserve reassessment should the case not be referred for ADR or should ADR proceedings fail to resolve some or all of the issues in the case.

(d) **Deferral of Proceedings.**

The parties agree that absent appointment of a settlement judge for ADR purposes pursuant to RCFC Appendix H (see Section (i) below), the proceedings should not be deferred.

(e) **Remand or Suspension.**

The parties do not anticipate seeking remand or suspension.

(f) **Joinder of Additional Parties.**

Plaintiff's Position: Plaintiff does not believe that joinder of any additional parties is necessary.

Defendant's Position: Defendant believes that additional information is needed (either through discovery, the ADR process, or through a more definite statement of claims by the Plaintiff) to determine whether the Plaintiff's claim in this matter will require the participation of additional parties.

(g) **Dispositive Motions.**

The parties agree that additional proceedings are necessary before the parties can state with specificity the issues, if any, that may be presented to the Court by dispositive motion pursuant to RCFC 12(b), 12(c) or 56. Moreover, the parties anticipate that, should a settlement judge be appointed for ADR purposes (see Section (i) below), some or all of the issues otherwise appropriate for resolution by dispositive motion may be resolved during the course of ADR proceedings. In the event that a settlement judge is appointed but ADR is not successful, Plaintiff anticipates moving for summary judgment as to the existence of money-mandating fiduciary duties and/or liability once discovery is complete and Defendant anticipates moving for dismissal of some of Plaintiff's claims on

jurisdictional or statute of limitations grounds. The parties agree that it is unlikely that the entire case would be resolved by dispositive motion.

(h) **Relevant Factual and Legal Issues.**

Plaintiff's Position:

Broadly speaking, Plaintiff alleges that Defendant is liable to Plaintiff for money damages for breach of trust for losses to or mismanagement of Plaintiff's trust funds. Plaintiff intends to prove that Defendant owed one or more money-mandating fiduciary duties to Plaintiff with respect to management of Plaintiff's trust funds, Defendant breached those duties on multiple occasions in a variety of ways, and thereby caused damages to Plaintiff. In particular, Plaintiff intends to prove that Defendant breached its money-mandating fiduciary duties and caused damages to Plaintiff by, *inter alia*, (1) failing to properly assess, collect, deposit, and credit to Plaintiff's trust accounts monies due and owing to Plaintiff from the sale and use of Plaintiff's lands and natural resources, including but not limited to surface leases, rights-of-way, easements, and the harvesting of timber; (2) failing to properly manage, deposit, disburse, invest, and account for Plaintiff's trust funds; and (3) failing to properly manage, deposit, disburse, invest, and account for Plaintiff's judgment funds.

Defendant's Position:

Defendant's view is that it is premature to identify factual and legal issues that the Court may have to address at trial on liability or damages, because the precise contours of those issues depend on jurisdictional rulings by this Court. As to the Court's jurisdiction, Defendant sets forth the factual and legal issues:

a. Whether Plaintiff's claims are barred by the Statute of Limitations, 28 U.S.C. §2501.

i. Whether Plaintiff's claims fall within Interior Department Appropriations Act language, which provides, in relevant part that a Tribe's claim related to loss or mismanagement of its trust funds shall not begin to accrue until Interior provides an accounting from which the Tribe can determine its losses, See Pub. L. No. 108-447, 118 Stat. 2809, as construed by the Court of appeals for the Federal circuit in Shoshone Indian Tribe v. United States, 364 F.3d 1339. 1350-51 (Fed. Cir. 2004).

ii. Whether Plaintiff's claims accrued more than six years prior to the filing of this case.

b. Whether the Court has jurisdiction over Plaintiff's claims under the Tucker Act or the Indian Tucker Act, 28 U.S.C. §§ 1491(a)(1), 1505.

i. Whether Plaintiff's claims are based on substantive sources of law such as a statute, treaty, or regulation that establish specific fiduciary or other duties.

ii. To the extent the Plaintiff's claims are based on specific duties established in substantive sources of law, whether a breach of those duties would mandate the payment of compensation.

iii. Whether Plaintiff has sufficiently alleged that Defendant has failed faithfully to perform any specific money-mandating duties.

iv. Whether Plaintiff's claims were within the exclusive jurisdiction of the Indian Claims Commission.

c. Whether Plaintiff's claims are barred by the doctrine of claim preclusion.

Defendant's maintain that these issues are appropriately addressed in ADR.

(i) **Likelihood of Settlement; Contemplation of ADR.**

The parties agree that, in this early stage of this factually and legally complex litigation, it is premature to speculate as to the likelihood of settlement success. However, as indicated above, the parties also agree that engaging in ADR may allow for the resolution of some or all of the issues in the case without the need for protracted litigation and have therefore agreed to participate in ADR pursuant to RCFC Appendix H. To that end, the parties will submit in the next 30 days a joint motion requesting that Judge Eric G. Bruggink be appointed as settlement judge and have begun conferring regarding the development of ADR procedures appropriate to this case. In particular, the parties have discussed, *inter alia*,: (1) the confidentiality needs of each of the parties and the means by which those needs will be addressed (discussed more fully in section (m) below); (2) the discovery needs of each of the parties, but especially the needs of Plaintiff given the possession by Defendant as trustee of the vast majority of the relevant and potentially relevant documents, and the need to develop an efficient and effective process by which the parties' discovery needs will be addressed (also discussed more fully in section (m) below); (3) Defendant's desire for Plaintiff to provide a more definite Statement of Claims and the parties' agreement that additional discovery is required before Plaintiff does so; and (4) the possibility of addressing the myriad claims involved

in this case in phases so as to efficiently manage the scope of discovery being conducted and the number of factual and legal issues being considered at any one time.

(j) **Trial Schedule.**

Plaintiff anticipates proceeding to trial for a determination of liability and/or damages if a settlement judge is not appointed for ADR purposes or if the parties are unable to resolve some or all of the issues involved in this case through the ADR process. Neither party anticipates requesting expedited trial scheduling.

(k) **Electronic Case Management.**

The parties know of no special issues with respect to electronic case management.

(l) **Other Information.**

The Parties Have Complied with Terms of Joint Motion for Extension of Time.

In the Joint Motion for Extension of Time filed on February 23, 2007 and granted in part by the Court on February 26, 2007, the parties indicated that if the extension was granted, they would confer regarding their needs for relevant and potentially relevant documents and data production, a process and schedule for such document and data production, and the possibility of engaging in settlement discussions or formal ADR proceedings and that they would be prepared to discuss the same in this JPSR. The parties have conferred at length and have communicated electronically on numerous occasions with respect to these issues. Issues with respect to settlement and ADR are addressed in Section (i) above and issues with respect to document and data production are discussed in Section (m) below.

Defendant notes the following for the Court's information:

At present, Defendant is handling about 102 Tribal trust accounting and trust mismanagement cases that have been brought in United States District Courts and the Court of Federal Claims. There are about 56 cases including this one in this Court; nine in various United States District Courts in various United States district Courts in Oklahoma; and 37 cases in the United States District Court for the District of Columbia.

(m) **Discovery**.

The parties intend to engage in informal and/or formal discovery and anticipate that both fact and expert discovery in this case will be voluminous. As indicated above, however, the parties agree that the scope and burden of discovery may be eased if the parties are permitted to attempt to resolve some or all of the issues involved in this case through ADR. The parties therefore propose that, in the event that their Joint Motion for Appointment of Settlement Judge is denied, they will (1) exchange mandatory disclosures pursuant to RCFC 26(a) within thirty (30) days of an order denying the Joint Motion for Appointment of Settlement Judge, and (2) jointly, or separately if they cannot agree, submit proposed deadlines for fact discovery, disclosure of expert reports, and discovery of experts to the Court within thirty (30) days of an order denying the Joint Motion for Appointment of Settlement Judge.

The parties began informal discovery on March 2, 2007 in a good faith effort to comply with the letter and spirit of RCFC and the Joint Motion for Extension of Time, and are working cooperatively toward ADR and resolution of Plaintiff's claims in an efficient and effective manner. Given Plaintiff's substantial discovery needs, the fact that Defendant as trustee possesses the overwhelming majority of relevant and potentially relevant documents, and the sheer number of such potentially relevant documents, the

parties have agreed that Plaintiff will submit informal requests for production to Defendant on a rolling basis and that Defendant will likewise produce documents responsive to Plaintiff's requests on a rolling basis. To date, Plaintiff has submitted to Defendant its First Informal Request for Production and Defendant has produced to Plaintiff approximately 31,600 responsive images.

The parties intend to continue informal discovery if this matter proceeds in ADR. The parties anticipate developing through ADR proceedings a process by which the parties, and Defendant in particular, identify, locate, and produce specific documents and/or document collections relevant to each of the claims being considered. The parties also anticipate developing through ADR proceedings a process by which discovery disputes will be resolved.

The parties have negotiated and will file no later than July 2, 2007, for Court approval, a confidentiality agreement to protect from disclosure documents identified by Defendant as responsive to Plaintiff's requests for production which contain information Defendant alleges is protected from disclosure under federal law. The parties have also discussed and intend to file for Court approval a confidentiality agreement to protect from disclosure confidential information produced by Plaintiff to Defendant. Each agreement will contain a process for resolving disputes between the parties with respect to the scope of the agreement.

Respectfully submitted this 20th day of June, 2007,

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Stephen T. LeCuyer*

STEPHEN T. LeCUYER

*s/ Stephen T. LeCuyer*
*for Robert W. Rodrigues*
ROBERT W. RODRIGUES

Swinomish Indian Tribal Community
P.O. Box 817
La Conner, WA 98257
Tel: (360) 466-7248
Tel: (360) 466-7248
Fax: (360) 466-5309

Attorney of Record for Plaintiff

United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 353-8839
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

KENNETH DALTON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

RACHEL M. HOWARD
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227