IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:06-cv-00899L<br>Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA, AND OTHER MATERIAL TO BE PROVIDED BY DEFENDANT TO PLAINTIFF**

WHEREAS Plaintiff Swinomish Indian Tribal Community ("Plaintiff") has filed this case, alleging a breach of trust duties regarding management of Plaintiff's trust funds and a failure to provide a proper accounting of such funds, and requesting various forms of relief, including monetary damages;

WHEREAS Defendant United States of America ("Defendant"), may provide Plaintiff's attorney(s) of record, as well as Plaintiff's officers, employees, representatives, and designated consultants or experts ("Plaintiff's Designees"), with access to certain documents, data, and other materials within the possession, custody, or control of Defendant (principally the Department of the Interior, the Department of the Treasury, and the Department of Justice);

WHEREAS such documents, data, and other materials may contain information regarding Plaintiff or the funds, lands, or resources which were managed or might have been managed by Defendant for or on behalf of Plaintiff or in which Plaintiff asserts an ownership interest;

WHEREAS such documents, data or other materials may contain information relating to tribes and/or individuals not parties to this litigation;

WHEREAS such documents, data, and other materials in Defendant's (principally, the Department of the Interior's, the Department of the Treasury's, and the Department of Justice's) possession, custody, or control may contain information that Defendant asserts and designates as being subject to protection from disclosure (1) because the information is subject to certain applicable statutes and regulations, including but not limited to the Privacy Act, 5 U.S.C. § 552a, (including information related to Individual Indian Money (IIM) accounts); Indian Minerals Development Act (IMDA), 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*; (2) because the information is confidential business information; or (3) because the information relates to Indian Tribes and/or Indian individuals not parties to this litigation (collectively, "Confidential Materials");

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1. This Joint Stipulation and associated Order governs the provision of Confidential Materials by Defendant to Plaintiff, regardless of the context (i.e., in litigation, ADR, or informal settlement discussions) in which the provision occurs.

2. Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related administrative proceedings before the United States Department of the Interior. Any information contained in Confidential Materials shall be kept strictly confidential by Plaintiff's attorney[s] and Plaintiff's designee[s], and shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Joint Stipulation and associated Order or by such further Order that this Court may enter.

3. Any documents, data, or other materials that Defendant identifies as potential Confidential Materials and that Defendant makes available to Plaintiff's attorney[s] or Plaintiff's designee[s] for inspection in this case shall be deemed Confidential, for purposes of the inspection. Any Confidential Materials that Plaintiff's attorney[s] or Plaintiff's designee[s] choose to have copied or imaged shall include a "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement. Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of the documents, data, and other materials chosen by Plaintiff for copying or imaging, in which case Defendant shall endorse "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" on all of the documents, data, and other materials before providing them to Plaintiff. The documents, data, and other materials endorsed in this manner shall be deemed Confidential Materials and protected as such under this Joint Stipulation and associated Order. If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Joint Stipulation and associated Order. Alternatively, Plaintiff may request that Defendant review the endorsed documents, data, or other materials to determine if they contain confidential information; redact the confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement. Such redacted documents, data, or other materials shall no longer be considered Confidential Materials, and, therefore, they shall no longer be subject to this Joint Stipulation and associated Order.

4. Documents, data or other materials relating exclusively to Tribes or entities or to funds, lands, and resources to which Plaintiff does not claim a legal interest may not be produced

to Plaintiff, unless Plaintiff and Defendant agree that such production would be appropriate and necessary for the purposes of this case or unless the Court otherwise orders such production.

5. Plaintiff and Defendant shall share equally the costs of copying or imaging. Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of the requested documents.

6. Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement and shall be protected as such under this Joint Stipulation and associated Order, provided, however that any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information relating exclusively to Plaintiff shall not be deemed Confidential Materials and shall not be protected as such under this Join Stipulation and associated Order. The designation or endorsement, or lack thereof, of such notes, dictation tapes, or media containing electronically stored information, as Confidential Materials, shall not affect the applicability of any privileges, including but not limited to the work-product and attorney-client privileges, to such notes, dictation tapes, or media containing electronically stored information.

7. The Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are or may be necessary in the ordinary course of representing Plaintiff herein; and (3) Plaintiff's designees in this case. The

attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of the attorney(s) of record; and Plaintiff's designees may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, the person receiving such access execute an "Affidavit of Confidentiality," in the form attached herewith as Exhibit "A," and provide the Affidavit to Plaintiff's attorney(s) of record. The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney(s) of record.

8. Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials or containing information obtained from Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with General Order No. 42A of the Court of Federal Claims and other applicable court rules, policies, and Orders.

9. It shall be the responsibility of Plaintiff's attorney(s) of record herein, as well as the attorney(s) working with Plaintiff's attorney(s) of record on this case, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Joint Stipulation and associated Order, to control duplication of, access to, and distribution of the Confidential Materials.

10. All individuals to whom Confidential Materials are disclosed shall return to counsel for Defendant or destroy all Confidential Materials in their possession immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination

of any related administrative proceedings before the Department of the Interior, whichever occurs later. In the event that an individual or entity to whom Confidential Materials are disclosed is no longer Plaintiff's attorney or designee, the individual or entity shall immediately return to counsel for Plaintiff all Confidential Materials in his or her possession. Individuals or entities returning or destroying Confidential Materials shall provide to Defendant's counsel certification in writing that the Confidential Materials have been returned or destroyed.

11. If Plaintiff disputes Defendant's assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing Defendant's assertion and designation of confidentiality. Within 30 days of Defendant's receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality.

12. Until further order of this Court, this Joint Stipulation and associated Order shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

Respectfully submitted this 27th day of June , 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

s/ *Stephen T. LeCuyer*
STEPHEN T. LeCUYER
Swinomish Indian Tribal Community
P.O. Box 817

s/ *Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division

La Conner, WA 98257
Tel: (360) 466-7248
Fax: (360) 466-5309

Attorney of Record for Plaintiff

OF COUNSEL:

P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 353-8839
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

KENNETH DALTON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

RACHEL M. HOWARD
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227