IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:06-cv-00899L |
| | ) | Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

The Court having found good cause for the entry of an Order approving the foregoing Joint Stipulation Regarding Confidentiality of Certain Documents, Data, and, Other Material to be Provided by Defendant to Plaintiff ("Joint Stipulation"), filed on [date],

It is hereby ORDERED that:

1. The Joint Stipulation as contained herein is APPROVED.

2. This Order and associated Joint Stipulation govern the provision of Confidential Materials by Defendant to Plaintiff regardless of the context (i.e., in litigation, ADR, or informal settlement discussions) in which the provision occurs.

3. Documents, data, and other materials in Defendant's possession, custody, or control which contain information relating to third parties not involved in this litigation that Defendant asserts and designates as being subject to protection from disclosure (1) because the information is subject to certain applicable statutes and regulations including, but not limited to, the Privacy Act, 5 U.S.C. § 552a (including information related to Individual Indian Money (IIM) accounts); Indian Minerals Development Act (IMDA), 25 U.S.C. § 2103(c); Trade Secrets Act,

18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*; (2) because the information is confidential business information; or (3) because the information relates to Indian Tribes and/or Indian individuals not parties to this litigation will hereinafter be termed "Confidential Materials."

4. Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related administrative proceedings before the United States Department of the Interior. Any information contained in the Confidential Materials shall be kept strictly confidential by Plaintiff's attorneys and Plaintiff's designees, and shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Order or by such further Order that this Court may enter.

4. Any documents, data, or other materials that Defendant identifies as potential Confidential Materials and that Defendant makes available to Plaintiff's attorney[s] or Plaintiff's designee[s] for inspection in this case shall be deemed Confidential, for purposes of the inspection. Any Confidential Materials that Plaintiff's attorney[s] or Plaintiff's designee[s] choose to have copied or imaged shall include a "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement. Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of the documents, data, and other materials chosen by Plaintiff for copying or imaging, in which case Defendant shall endorse "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" on all of the documents, data, and other materials before providing them to Plaintiff. The documents, data, and other materials endorsed in this manner

shall be deemed Confidential Materials and protected as such under this Order. If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Order. Alternatively, Plaintiff may request that Defendant review the endorsed documents, data, or other materials to determine if they contain confidential information; redact the confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the "CONFIDENTIAL MATERIALS–DO NOT DISCLOSE" endorsement. Such redacted documents, data, or other materials shall no longer be considered Confidential Materials and, therefore, they shall no longer be subject to this Order.

5. Documents, data or other materials relating exclusively to Tribes or entities other than Plaintiff or to funds, lands, and resources to which Plaintiff does not claim a legal interest may not be produced to Plaintiff, unless Plaintiff and Defendant agree that such production would be appropriate and necessary for the purposes of this case or unless the Court otherwise orders such production.

6. Plaintiff and Defendant shall share equally the costs of copying or imaging. Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of the requested documents.

7. Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the "CONFIDENTIAL MATERIALS—DO

NOT DISCLOSE" endorsement and shall be protected as such under this Order, provided, however that any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information relating exclusively to Plaintiff shall not be deemed Confidential Materials and shall not be protected as such under this Order. The designation or endorsement, or lack thereof, of such notes, dictation tapes, or media containing electronically stored information as Confidential Materials shall not affect the applicability of any privileges, including but not limited to the work-product and attorney-client privileges, to such notes, dictation tapes, or media containing electronically stored information.

8. The Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are or may be necessary in the ordinary course of representing Plaintiff herein; and (3) Plaintiff's designees in this case. The attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of the attorney(s) of record; and Plaintiff's designees may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, the person receiving such access execute an "Affidavit of Confidentiality," in the form attached herewith as Exhibit "A," and provide the Affidavit to Plaintiff's attorney(s) of record. The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney(s) of record.

8. Confidential Materials shall be filed under seal by the Clerk of Court in the event

that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials or containing information obtained from Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with General Order No. 42A of the Court of Federal Claims and other applicable court rules, policies, and Orders. The parties are hereby authorized to electronically file under seal Confidential Materials and any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials.

9. It shall be the responsibility of Plaintiff's attorney(s) of record herein, as well as the attorney(s) working with Plaintiff's attorney(s) of record on this case, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Order and the associated Joint Stipulation, to control duplication of, access to, and distribution of the Confidential Materials.

10. All individuals to whom Confidential Materials are disclosed shall return to counsel for Defendant or destroy all Confidential Materials in their possession immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings before Defendant, whichever occurs later. In the event that an individual or entity to whom Confidential Materials are disclosed is no longer Plaintiff's attorney or designee, the individual or entity shall immediately return to counsel for Plaintiff all Confidential Materials in his or her possession. Individuals or entities returning or destroying Confidential Materials shall provide to Defendant's counsel certification in writing

that the Confidential Materials have been returned or destroyed.

11. If Plaintiff disputes Defendant's assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing Defendant's assertion and designation of confidentiality. Within 30 days of Defendant's receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality.

12. Until further order of this Court, this Order and the associated Joint Stipulation shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

FRANCIS M. ALLEGRA
U.S. Court of Federal Claims