IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian tribe, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:06-cv-00899L<br>Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT MOTION TO REFER TO ADR, STAY PROCEEDINGS, AND APPOINT JUDGE BRUGGINK AS SETTLEMENT JUDGE**

COME NOW the parties, Plaintiff Swinomish Indian Tribal Community ("Plaintiff") and Defendant United States of America ("Defendant"), and jointly request that the Court refer this matter to alternative dispute resolution ("ADR") pursuant to Appendix H of the Rules of the Court of Federal Claims ("RCFC"); stay further proceedings pending ADR; and appoint Senior Judge Eric Bruggink to act as settlement judge if the Court believes such appointment is appropriate and if Judge Bruggink agrees to serve. In support of the motion, the parties submit the following grounds:

1. The parties recognize and agree that this case presents complex legal and factual issues and that documents to be exchanged in discovery in this case will be voluminous. Defendant has already produced 31,600 pages of documents to Plaintiff as part of the parties' preliminary informal, voluntary discovery process.

2. The parties have agreed to participate in ADR pursuant to RCFC, Appendix H because they agree that ADR may allow for the resolution of some or all of

the issues presented in this case, or a narrowing of those issues, in a cost-effective and efficient manner. The parties believe that ADR will provide an opportunity for efficient use of flexible discovery processes to share information necessary for the parties' evaluations of Plaintiff's claims, and agree that such a process is preferable at this time to formal discovery aimed primarily at gathering evidence in preparation for trial. The parties agree that ADR may therefore increase the likelihood of a timely and amicable resolution of this matter, and may decrease the likelihood of expensive, time-consuming and protracted litigation.

3. The parties have negotiated and filed for Court approval a Joint Stipulation regarding the confidentiality of documents to be produced by Defendant to Plaintiff during the course of discovery. The parties have begun negotiating a Joint Stipulation regarding the confidentiality of documents to be produced by Plaintiff to Defendant. The parties have begun an informal, voluntary discovery process and have conferred on numerous occasions regarding the means by which Plaintiff's substantial discovery needs will be addressed.

4. The parties have also conferred on numerous occasions regarding the development of ADR procedures appropriate for this case. From the parties' perspective, Judge Bruggink is particularly well-suited to serve as settlement judge in this case given his experience serving as mediator in other tribal trust cases, including Jicarilla Apache Nation v. United States, 02-25L (C.F.C.), which involve claims similar to those asserted by Plaintiff in this case, as well as his familiarity with factual issues likely to be considered, and certain procedures likely to be used by the parties during the course of ADR proceedings. If Judge Bruggink is unavailable or unwilling to serve as settlement

judge, or if the Court believes that referral of the case to Judge Bruggink is inappropriate at this time, the parties respectfully request leave of court to jointly discuss with other judges their availability and willingness to serve as settlement judge and to make additional recommendations to the Court within thirty (30) days of the Court's order in connection with this motion.

5. If the case is referred to ADR and proceedings are stayed pending ADR, the parties intend to provide periodic joint status reports to the Court regarding the parties' progress in ADR and propose that such status reports be filed every three (3) months.

WHEREFORE, the parties jointly request that if the Court deems it appropriate, the Court refer the case to ADR; appoint Judge Bruggink to serve as settlement judge, or grant the parties leave of court to jointly discuss this matter with other judges who may be available and willing to serve as settlement judge and allow the parties make additional recommendations to the Court within thirty (30) days; stay proceedings until further order of the Court; and direct that the parties provide joint status reports to the Court every three (3) months.

Respectfully submitted this 29th day of June, 2007,

Ronald J. Tenpas
Assistant Attorney General

*s/ Stephen T. LeCuyer*

STEPHEN T. LeCUYER
Swinomish Indian Tribal Community
P.O. Box 817
La Conner, WA 98257
Tel: (360) 466-7248
Tel: (360) 466-7248
Fax: (360) 466-5309

*s/ Robert W. Rodrigues*

ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 353-8839

Attorney of Record for Plaintiff

Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:
ANTHONY P. HOANG
MARTIN J. LALONDE
JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

KENNETH DALTON
United States Department of the
Interior
Office of the Solicitor
Washington, D.C. 20240

RACHEL M. HOWARD
United States Department of the
Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227