# DECLARATION OF

# KENNETH A. DALTON

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, | Case No. 1:06-cv-00899L<br>Judge Francis M. Allegra |

## DECLARATION OF KENNETH A. DALTON

I, Kenneth A. Dalton, pursuant to 28 U.S.C. § 1746 do declare as follows:

1. I am an Attorney-Advisor in the Indian Trust Litigation Office at the Office of the Solicitor of the Department of the Interior. I am agency counsel in the above captioned case.

2. Pursuant to the terms of the Order regarding the preservation of documents, data, and tangible things issued by this Court dated August 24, 2007 ("the Preservation Order"), counsel for the parties conferred by telephone in August and September 2007 and discussed compliance measures with respect to the Parties Joint Stipulation Regarding Preservation of Documents, Data, and Tangible Things dated August 8, 2007 and the Preservation Order ultimately entered. Plaintiff agreed that compliance measures would consist of (a) sending the Preservation Order to appropriate Interior offices; and (b) sending periodic reminders to the appropriate Interior offices regarding the obligations of the Preservation Order.

3. I have distributed via facsimile the Preservation Order to the following Department of the Interior ("Interior") repositories we judged to be most likely within Interior to have documents, data, and tangible things relevant to the Swinomish litigation:

   Bureau of Indian Affairs (BIA) Northwest Regional Office,
   BIA Puget Sound Agency
   Office of Trust Records
   Office of the Special Trustee for American Indians (OST)

Today's facsimile to the four offices listed above also included a copy of a March 12, 2007 memorandum by Lawrence J. Jensen, Deputy Solicitor of the Interior (the "Jensen memorandum") regarding preservation of information in Tribal Trust cases. True and correct copies of the facsimile transmission, including the Preservation Order and the Jensen memorandum are attached hereto as Exhibit A.

4. During the week of September 24, 2007, the undersigned plans to contact by telephone the Interior offices listed in Paragraph 2 above. In these contacts the undersigned will speak with supervisory personnel and advise them to further disseminate the Preservation Order and Jensen memorandum to all of their employees who may possess or work with relevant Swinomish documents, data, or tangible things.

5. In accordance with Paragraph 3(b) of the Preservation Order, the undersigned is in the process of determining the location of Swinomish documents held in Interior facilities other than those listed in Paragraph 3 of this declaration. Upon determining additional Interior locations holding Swinomish documents, the undersigned will promptly distribute the Preservation Order and Jensen memorandum to those locations and inquire about existing finding aids and indices for such collections. Within thirty (30) days of determining such additional location(s), Defendant will discuss any findings with Plaintiff and provide Plaintiff with any existing finding aids or indices.

6. Also in accordance with Paragraph 3(b) of the Preservation Order, Defendant has provided Plaintiff with the Box Index Search System (BISS) index report for potentially relevant Swinomish documents held at the Office of Trust Records - American Indian Records Repository (AIRR) in Lenexa, KS. Defendant anticipates further communications with Plaintiff's counsel concerning more tailored BISS search requests, including sharing additional information with Plaintiff that could assist working with the BISS.

7. In further accord with Paragraph 3(b) of the Preservation Order, during the week of September 24, 2007, the undersigned will contact the BIA Northwest Regional Office, the BIA Puget Sound Agency, and OST to inquiry about any existing finding aids or indices for those collections. Any such existing finding aids will be provided to the Plaintiff.

8. As agency counsel in this matter, I plan to redistribute the Preservation Order, along with the Jensen memorandum, to the offices listed in Paragraph 3, and every other Interior office later determined to hold Swinomish documents, approximately every 120 days or until the Court directs otherwise.

9. Undersigned counsel has previously received information from agency personnel that the OTR had no plans to move Swinomish records to the AIRR as of August 2007. By transmission of the Order OTR has been informed of the obligation to provide written

notice to Plaintiff at least 30 days prior to moving or transferring Swinomish documents from the BIA Puget Sound Agency to the AIRR.

10. In the event that Interior decides to adopt further compliance mechanisms, Interior will meet and confer with Plaintiff about such measures and inform the Court.

11. I declare under penalty of perjury that the foregoing is true and correct.

KENNETH A. DALTON

Executed this 21st day of September, 2007.