# DECLARATION OF

# JASON BARON

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-899L |
| | ) | Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DECLARATION OF JASON R. BARON

I, Jason R. Baron, pursuant to 28 U.S.C. § 1746, do hereby declare and state:

1. I serve as the Director of Litigation in the Office of General Counsel, National Archives and Records Administration ("NARA"), with my office located at Archives II in College Park, Maryland. I have been employed in this capacity since May 2000. Previously, between 1988 and 2000, I served as Trial Attorney and Senior Counsel in the Federal Programs Branch of the Civil Division of the Department of Justice. I am also a member of the Bar of the District of Columbia (D.C. Bar No. 366663).

2. I am generally familiar with the *Swinomish* lawsuit. I am specifically aware of the Order of this Court, dated August 24, 2007, requiring preservation of documents, data or tangible things that are relevant or may reasonably lead to the discovery of information relevant to the subject matter involved in the pending lawsuit. I am filing this Declaration based on my personal knowledge of NARA's holdings, as supplemented with information obtained from NARA archivists and staff.

3. Under the Federal Records Act ("FRA"), the Archivist of the United States is responsible for the custody of all records transferred to NARA, and by statute is required to maintain adequate facilities for the housing of those records. 44 U.S.C. §§ 2108(a) & 2110. The FRA provides the authority by which records of Federal agencies that have "sufficient historical or other value to warrant their continued preservation by the United States government" are transferred into the legal custody of NARA. 44 U.S.C. 2107. NARA's archival record holdings, by operation of statute, and in accordance with regulations promulgated thereunder, *see* 36 C.F.R. Part 1200 *et seq.*, represent records *being permanently retained by the United States government.*

4. Accordingly, any and all archival records relevant to the proceedings in *Swinomish* are being so held on a permanent basis. Undersigned counsel nevertheless has alerted all key components of this agency that the Court's Order in *Swinomish* is in effect, and I have taken reasonable steps to ensure that copies of the Order are transmitted to those components of NARA known to hold Indian and tribal records including records relevant to the *Swinomish* litigation. NARA employees are thus on notice that a preservation Order is in effect for these archival holdings.

5. More specifically, based on the inventorying of NARA's Indian and tribal collections undertaken by NARA staff to date, I can report that records of the Swinomish Indians may be found both in our Seattle regional archives, as well as in NARA's Washington, D.C. area archival holdings, both in our Main building on the Mall in Washington, D.C., as well as at Archives II situated in College Park, Maryland. Relevant NARA holdings appear to include records catalogued under the supervising Bureau of Indian Affairs agency that had jurisdiction over a particular tribe, which in the case of the

Swinomish would include the Oregon and Washington superintendencies, and the Tulalip Agency. NARA holds both 19th and 20th century records with respect to these supervisory agencies, in various records series known by such titles as "Letters Received by the Office of Indian Affairs," and "Central Classified Files." Additionally, NARA has many additional archival series of Indian and tribal records that may contain relevant records to this litigation, including in series known under the generic name "General Services Files." Finally, we have been able to identify a number of series of textual records in our Seattle regional archives that may pertain to the Swinomish tribe.

6. Beyond NARA's archival holdings, I am confident that NARA does not possess any operational or active records, either in textual (i.e., hard-copy) or electronic form, that would be considered relevant or material to the underlying proceedings in the *Swinomish* case. The only contact NARA archivists have with respect to archival records are requests they may receive from time to time for access to such records; they do not themselves generate records of any kind that would be relevant to the matters being litigated in this case, including involving a damage action for breaches of trust duties by the United States or its components or agencies. Accordingly, I do not believe that any further actions are required to be taken at this time with respect to NARA's active records to achieve greater compliance with the Court's Order.

7. NARA does also operate federal record centers ("FRC") around the country, including Indian and tribal records of the Department of Interior ("DOI") presently consolidated at our facility in Lenexa, Kansas. Records in the Lenexa FRC remain in the legal custody of DOI, and DOI as a party defendant in the litigation controls access to such records. However, all relevant DOI records have been under a "freeze" on

disposition (equivalent to a legal preservation hold) since 2004, and there are no plans to lift the freeze with respect to records identified as tribal trust records. I have, however, taken steps to alert appropriate NARA staff at the Lenexa facility of the existence of the Court's preservation Order, and the need to preserve all records relevant to this litigation.

8. As stated above, all appropriate components of NARA holding records in their legal custody related to the Swinomish tribe have been alerted to the Court's Order. NARA will continue to take reasonable steps to monitor compliance with the Court's orders, including issuing periodic reminders of NARA's record retention obligations, until such time as the present litigation is resolved. I will also ensure that NARA's Office of General Counsel will continue to monitor NARA's obligations under the Court's Order into the foreseeable future.

9. Finally, NARA's Office of the General Counsel will immediately notify the Department of Justice should there be any violation of the Court's Orders by a NARA employee.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Jason R Baron

JASON R. BARON

Executed on this 21st day of September 2007