# DECLARATION OF

# KENNETH A. DALTON

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian tribe, | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-00899L<br>Judge Francis M. Allegra |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |

DECLARATION OF KENNETH A. DALTON

I, Kenneth A. Dalton, pursuant to 28 U.S.C. § 1746 do declare as follows:

1. I am an Attorney-Advisor in the Indian Trust Litigation Office at the Office of the Solicitor of the Department of the Interior. I am agency counsel in the above captioned case.

2. Pursuant to the terms of the Order regarding the preservation of documents, data, and tangible things issued by this Court dated August 24, 2007 ("the Preservation Order"), counsel for the parties conferred by telephone in August and September 2007 and discussed compliance measures with respect to the Parties Joint Stipulation Regarding Preservation of Documents, Data, and Tangible Things dated August 8, 2007 and the Preservation Order ultimately entered. Plaintiff agreed that compliance measures would consist of (a) sending the Preservation Order to appropriate Interior offices; and (b) sending periodic reminders to the appropriate Interior offices regarding the obligations of the Preservation Order.

3. I have distributed via facsimile the Preservation Order to the following Department of the Interior ("Interior") repositories we judged to be most likely within Interior to have documents, data, and tangible things relevant to the Swinomish litigation:

   Bureau of Indian Affairs (BIA) Northwest Regional Office,
   BIA Puget Sound Agency
   Office of Trust Records
   Office of the Special Trustee for American Indians (OST)

Today's facsimile to the four offices listed above also included a copy of a March 12, 2007 memorandum by Lawrence J. Jensen, Deputy Solicitor of the Interior (the "Jensen memorandum") regarding preservation of information in Tribal Trust cases. True and correct copies of the facsimile transmission, including the Preservation Order and the Jensen memorandum are attached hereto as Exhibit A.

4. During the week of September 24, 2007, the undersigned plans to contact by telephone the Interior offices listed in Paragraph 2 above. In these contacts the undersigned will speak with supervisory personnel and advise them to further disseminate the Preservation Order and Jensen memorandum to all of their employees who may possess or work with relevant Swinomish documents, data, or tangible things.

5. In accordance with Paragraph 3(b) of the Preservation Order, the undersigned is in the process of determining the location of Swinomish documents held in Interior facilities other than those listed in Paragraph 3 of this declaration. Upon determining additional Interior locations holding Swinomish documents, the undersigned will promptly distribute the Preservation Order and Jensen memorandum to those locations and inquire about existing finding aids and indices for such collections. Within thirty (30) days of determining such additional location(s), Defendant will discuss any findings with Plaintiff and provide Plaintiff with any existing finding aids or indices.

6. Also in accordance with Paragraph 3(b) of the Preservation Order, Defendant has provided Plaintiff with the Box Index Search System (BISS) index report for potentially relevant Swinomish documents held at the Office of Trust Records - American Indian Records Repository (AIRR) in Lenexa, KS. Defendant anticipates further communications with Plaintiff's counsel concerning more tailored BISS search requests, including sharing additional information with Plaintiff that could assist working with the BISS.

7. In further accord with Paragraph 3(b) of the Preservation Order, during the week of September 24, 2007, the undersigned will contact the BIA Northwest Regional Office, the BIA Puget Sound Agency, and OST to inquiry about any existing finding aids or indices for those collections. Any such existing finding aids will be provided to the Plaintiff.

8. As agency counsel in this matter, I plan to redistribute the Preservation Order, along with the Jensen memorandum, to the offices listed in Paragraph 3, and every other Interior office later determined to hold Swinomish documents, approximately every 120 days or until the Court directs otherwise.

9. Undersigned counsel has previously received information from agency personnel that the OTR had no plans to move Swinomish records to the AIRR as of August 2007. By transmission of the Order OTR has been informed of the obligation to provide written

notice to Plaintiff at least 30 days prior to moving or transferring Swinomish documents from the BIA Puget Sound Agency to the AIRR.

10. In the event that Interior decides to adopt further compliance mechanisms, Interior will meet and confer with Plaintiff about such measures and inform the Court.

11. I declare under penalty of perjury that the foregoing is true and correct.

KENNETH A. DALTON

Executed this 21st day of September, 2007.

# EXHIBIT

# A

**SWINOMISH ALERT**

**Swinomish Indian Tribal Community v. United States, No. 06-899L (CFC) (FMA)**

Your office has been identified as potentially having records relevant to the litigation identified below.

**Attached please find the following two documents:**

1) **An August 24, 2007 Order from the United States Court of Federal Claims in Swinomish Indian Tribal Community v. United States, No. 06-899L (CFC) (FMA), regarding the retention and preservation of documents, data, and tangible things; and**
2) **March 12, 2007, Memorandum of Lawrence J. Jensen, Deputy Solicitor, regarding Preservation of Information in Tribal Trust Cases.**

**Please disseminate these documents to every employee in your office who may possess or work with relevant Swinomish documents, data, or tangible things and discuss with them the importance of preserving Swinomish documents for purposes of this litigation.**

**Please note that Defendant must provide written notice to Plaintiff at least 30 days prior to moving or transferring Swinomish documents from the BIA Puget Sound Agency to the AIRR.**

**Should you have any questions, please contact me at 202-208-5986.**

# In The United States Court of Federal Claims

No. 06-899L

(Filed: August 24, 2007)

---

SWINOMISH INDIAN TRIBAL COMMUNITY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**ORDER**

---

On July 31, 2007, the court ordered the parties in this case to file a proposed document preservation order. On August 8, 2007, the parties filed a joint stipulation regarding preservation of documents, data, and tangible things. Pursuant to RCFC 26(c) as well as the court's inherent power to regulate its proceedings and maintain the integrity of its functions, *see Pueblo of Laguna v. United States*, 60 Fed.Cl. 133, 135-137 (2004), the court adopts the parties' stipulation with minor changes, and hereby **ORDERS** as follows:

1. **General Obligation to Preserve**. During the pendency of this litigation or until further order of the court, defendant, its agencies, and its employees must take reasonable steps to preserve every document, data or tangible thing in its possession, custody or control, containing information that is relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation ("Swinomish documents"). Plaintiff is reminded that it also has the same duty to preserve evidence relevant to this case.

2. **Definitions**. For purposes of this order:

   (a) "Documents, data, and tangible things" is to be interpreted broadly to include, without limitation, writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as

tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic tape or digital recordings, or transcripts thereof; drafts; jottings; and notes. The term also includes information that serves to identify, locate, or link documents, data, and tangible things, including, without limitation, file inventories; indices; and metadata.

(b) "Preserve" is to be interpreted broadly to include, without limitation, taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, migration, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible. The term also includes taking reasonable steps to prevent the relocation of documents, data, and tangible things if such relocation would result in the documents, data, or tangible things no longer being in the possession, custody, or control of the party from whom the documents, data, and tangible things are relocated.

3. **Movement of Documents, Data, and Tangible Things.**

(a) On August 6, 2007, defendant represented to plaintiff that it does not anticipate moving or transferring Swinomish documents from the Department of the Interior within the immediate future. Defendant shall provide plaintiff with written notice at least thirty (30) days prior to moving or transferring Swinomish documents from the Puget Sound Agency of the BIA to the American Indian Records Repository (AIRR).

(b) Defendant has represented that it is determining the location of Swinomish documents held in other Department of the Interior facilities. Within thirty (30) days after the completion of that investigation, defendant shall meet and confer with plaintiff concerning its findings with respect to any collections of Swinomish documents that are found in other Interior facilities, and shall provide plaintiff any existing finding aids or indices of such collections, so as to allow plaintiff to determine whether it wishes to review the records at the facilities. Such review, if any, will be according to the rules and procedures of the facilities in which the records are located. During the aforementioned meeting, the parties shall also discuss how plaintiff will be notified should

any of the collections of Swinomish documents be considered for movement or transfer to the AIRR.

(c) Should, at any point, the parties' consultations reveal a need to modify this order, the parties' shall file an appropriate motion seeking that modification.

4. **Compliance**. Defendant, in consultation with plaintiff, shall establish a mechanism for monitoring compliance with this order, providing, *inter alia*, for periodic reminders of record retention obligations to be sent to Swinomish document repositories, BIA Puget Sound Agency, Northwest Regional Office and the Office of Trust Records. On or before September 17, 2007, defendant shall file a status report with the court describing this compliance mechanism. Counsel shall immediately notify opposing counsel if, at any time, they become aware of a violation of paragraph 1 of this order (*e.g.*, the destruction or loss of documents, data, and/or tangible things).

5. **Dispute Resolution.** If a party desires clarification of any issue(s) related to the parties' obligations pursuant to, or compliance with, this order, or believes that the opposing party has violated any term of this order, the party shall notify the opposing party in writing and state the issue(s) requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issue(s) in a mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issue(s) in a mutually agreeable manner or do not resolve the dispute within a period of 20 days of the aforementioned written notice, either party may file a motion with the court seeking a ruling regarding the parties' obligations under, and compliance with, this order.

6. **Sanctions**. Failure to comply with this order may lead to the imposition of sanctions. *See Pueblo*, 60 Fed.Cl. at 135-137; *United Medical Supply Co., Inc. v. United States*, 77 Fed.Cl. 257 (2007).

7. **Dissemination**. This order shall be distributed by defendant to all relevant agencies, departments, offices, divisions, and individuals.

**IT IS ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

# United States Department of the Interior

OFFICE OF THE SOLICITOR

MAR 12 2007

MEMORANDUM

To: Office of the Secretary
Office of the Solicitor
Office of the Special Trustee
Office of Historical Trust Accounting
Office of the Inspector General
Office of Assistant Secretary - Indian Affairs
Bureau of Indian Affairs
Office of Assistant Secretary - Policy, Management, and Budget
Office of Hearings and Appeals
Office of Assistant Secretary - Land and Minerals
Minerals Management Service
Office of Surface Mining
Bureau of Land Management
Office of Assistant Secretary - Fish, Wildlife, and Parks
Fish and Wildlife Service
Office of Assistant Secretary - Water and Science
Bureau of Reclamation
U.S. Geological Survey

From: Lawrence J. Jensen
Deputy Solicitor

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

As you may know, eighty Tribal plaintiffs, including some Indian groups that are not federally recognized, recently filed actions against the Department of the Interior ("Department") asserting claims of breach of trust and/or asset mismanagement (collectively, "Tribal Trust cases"). This gives rise to an extremely important obligation under Federal law to preserve material that is or may be relevant to the Tribal Trust cases.

The purpose of this Litigation Hold is to inform you of the scope of this obligation and what actions are required to comply with it. The preservation of information will primarily be carried out by individual employees and contractors (any reference herein to "employees" includes contractor employees). **Therefore, it is imperative that a copy of this Litigation Hold reaches every employee who may possess relevant information in your bureau or office.**

**Information To Be Preserved:**

The information that must be preserved consists of all "documents, data, and tangible things" in the possession, custody, or control of your bureau or office that are or may be relevant to the subject matter of the Tribal Trust cases. "Documents, data, and tangible things" encompass paper documents, electronically stored information (discussed below), and other materials, such as maps, videos, calendars, charts, and similar items.

Attached is a list identifying the individual Tribal plaintiffs whose information must be preserved. Additionally, the Native American Rights Fund has filed an action purporting to be on behalf of all other Tribes that received materials as part of the Tribal Reconciliation Project. Therefore, this Litigation Hold covers information concerning any Tribe or group of Indians for which the Department administers or has administered assets in trust.

The Tribal Trust cases concern the management and accounting of tribal resources and funds held in trust by the Department. Accordingly, information that is or may be relevant to these cases includes, without limitation, anything reflecting, referring or relating to:

1. any asset, such as funds, land, minerals, forestry, sand and gravel, or other resources, that is, or at any time has been, held in trust by the United States or its agents for Tribes or Indian groups ("trust asset");
2. policies, procedures, guidelines, or correspondence relating to any aspect of the management or administration of trust assets;
3. proceeds, interest, or income from trust assets; or disbursement, distribution, disposition or transfer of any trust assets;
4. reports, appraisals, reconciliations, or evaluations of any trust assets; and
5. information that serves to identify, locate, or link any relevant information, such as file inventories, file folders, and indices.

The timeframe of information that must be preserved is from a yet-to-be-determined beginning date through the present, which means that information created in the future must also be preserved.

**General Preservation Requirements:**

Employees are required to take "reasonable steps" to preserve the information described above. Reasonable steps, at a minimum, include ensuring that information is not purged pursuant to a records disposition schedule or otherwise inadvertently destroyed. This obligation also extends to records maintained in off-site storage facilities, which may include, in some instances, Federal Records Centers. At the present time, this obligation is only to identify and preserve the information. You will be notified if anything additional is required as the Tribal Trust cases proceed.

**Preservation of Electronically Stored Information ("ESI"):**

Under new amendments to the Federal Rules of Civil Procedure, the preservation requirement explicitly relates to electronically stored information. ESI can include, but is not limited to:

- E-mail (including attachments);
- Instant messages;
- Electronic calendars, task lists, and other organizational aids;
- Word processing documents;
- Spreadsheets;
- Databases;
- Audio and video recordings; and
- Voicemail.

ESI may be located on network systems and servers; local hard drives, laptops, storage media, (including flash drives, diskettes, and CD-ROMs), as well as on PDAs (such as Blackberries) and cell phones. Note that home computers, cell phones, and other devices used for work may also contain relevant or potentially relevant information that must be identified and preserved. Further, the hard drive and network files of departing employees must be identified and preserved.

Your IT personnel will be responsible for taking steps to preserve ESI from a technical standpoint. Employees should seek assistance from the IT personnel as necessary to preserve their ESI, and in no case should they delete any relevant information.

**Conclusion:**

Immediate compliance with this Litigation Hold is essential to protect the Department from lengthy—and avoidable—discovery disputes that consume bureau time and resources and other negative consequences, such as monetary sanctions and evidentiary inferences that would limit the Department's ability to defend against the claims in the cases. This Litigation Hold also protects individual managers and employees by providing them basic guidance on how to comply with their legal requirements.

Thank you for your prompt attention to this matter. Please direct any questions about this memorandum to Paul Smyth, Counselor to the Solicitor, (202-208-4307).

Attachment

**Tribes and Indian Groups with Pending Tribal Trust Cases (As of 3/06/2007)**

Ak-Chin Indian Community

Alabama Quassarte Tribal Town

Assiniboine & Sioux

Gros Ventre Tribe and Assiniboine Tribe

Blackfeet Tribe of the Blackfeet Indian Reservation

Cheyenne River Sioux Tribe

The Chickasaw Nation and Choctaw Nation

Chippewa Cree ("Pembina")

Chippewa Cree Tribe of the Rocky Boy's Reservation

Coeur d'Alene Tribe

Colorado River Indian Tribes

The Confederated Tribes of the Colville Reservation

Confederated Tribes of the Goshute Reservation

Confederated Tribes of the Warm Springs Reservation of Oregon

Crow Creek Sioux Tribe

Delaware Tribe of Indians and The Delaware Trust Board

Delawares of Idaho, Inc.

Eastern Shawnee Tribe of Oklahoma

Gila River Indian Community

Haudenosaunee, Onondaga Nation

Hoopa Valley Tribe

Hopi Tribe

Iowa Tribe of Kansas and Nebraska

Jicarilla Apache Nation

Kaw Nation of Oklahoma

Makah Indian Tribe of the Makah Indian Reservation

Miami Tribe of Oklahoma

Muscogee (Creek) Nation of Oklahoma

Navajo Nation

Nez Perce, et al (Class Action)
- Mescalero Apache Tribe
- Tule River Indian Tribe
- Hualapai Tribe
- Yakama Nation
- Klamath Tribes
- Yurok Tribes
- Cheyenne-Arapaho Tribe
- Sac and Fox Nation
- Santee Sioux Tribe of Nebraska

Nez Perce Tribe

Northern Cheyenne Tribe of Indians

Northwestern Band of Shoshone Indians

Oglala Sioux Tribe

Omaha Tribe of Nebraska

Osage Nation and/or Tribe of Indians of Oklahoma

Otoe-Missouria Tribe of Indians of Oklahoma
Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, Californi
Passamaquoddy Tribe of Maine
Pawnee Nation of Oklahoma
Pechanga Band of Luiseno Mission Indians of California
Ponca Tribe of Indians of Oklahoma
Prairie Band of Potawatomi Nation
Pueblo of Laguna
Pueblo of Santa Ana
Quechan Tribe of the Fort Yuma Indian Reservation
Red Cliff Band of Lake Superior Chippewa Indians
Rosebud Sioux Tribe
Round Valley Indian Tribes
Salt River Pima-Maricopa Indian Community
San Manuel Band of Serrano Missions Indians
Seminole Nation of Oklahoma
Shoshone-Bannock Tribes of the Fort Hall Reservation
The Shoshone Indian Tribe and Northern Arapaho Tribe of the Wind River Reservation, Wyoming
Eastern Shoshone Tribe and Northern Arapaho Tribe
Soboba Band of Luiseno Indians
Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians)
Standing Rock Sioux
Stillaguamish Tribe of Indians
Swinomish Indian Tribal Community
Te-Moak Tribe of Western Shoshone Indians (Class Action)
Three Affiliated Tribes of the Fort Berthold Reservation
Tohono O'odham Nation
Tonkawa Tribe of Indians of Oklahoma
United Keetoowah Band of Cherokee Indians in Oklahoma.
Ute Indian Tribe of the Uintah and Ouray Reservation
Winnebago Tribe of Nebraska

Wyandot Nation of Kansas

Yankton Sioux

Yomba Shoshone Tribe