# DECLARATION OF

# LACHLAN W. SEWARD

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY | ) | No. 06-945 L |
| | ) | Judge Francis M. Allegra |
| *Plaintiff,* | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA | ) | |
| *Defendant.* | ) | |

**DECLARATION OF LACHLAN W. SEWARD**

I, Lachlan W. Seward, hereby declare, pursuant to 28 U.S.C. §1746, as follows:

1. I am currently employed by the United States Department of the Treasury, Office of the Fiscal Assistant Secretary, as Project Manager, Indian Litigation.

2. As explained below, Treasury's plan for complying with the retention order in this case is to continue following the retention plan Treasury put in place in March 2004 in response to the retention orders issued in *Jicarilla Tribe v. United States*, No. 02-0025L (C.F.C.) and *Pueblo of Laguna v. United States*, No. 02-0024L (C.F.C.)

3. As shown in the materials attached hereto at Tabs A through J, Treasury's *Jicarilla / Laguna* retention plan was designed to retain materials potentially containing information related to any tribe, which would include the Swinomish Indian Tribal Community. This was necessary because Treasury has few materials that refer to any

specific tribe. Treasury modified its most recent retention reminders to make clear that the scope of its instructions about voicemails and emails extends to those about any tribe.

4. Attached at Tab A is a true and correct copy of Treasury's plan for complying with the retention orders entered in the *Jicarilla* and *Laguna* cases, filed on April 26, 2004 in those cases at Tab B of Defendant's Notice of Filing of Status Report Describing Compliance Monitoring Mechanisms.

5. Attached at Tab B is a true and correct copy of that portion of Defendant's Supplemental Status Report Describing Compliance with the March 19, 2004 Order (which was an attachment to Defendant's Motion Pursuant to Section 6 of March 19, 2004 Order) and supporting Treasury declarations, filed March 18, 2005 in the *Jicarilla* and *Laguna* cases. This filing provided additional information about Treasury's plan for complying with the *Jicarilla* and *Laguna* retention orders with particular regard to electronic data.

6. Attached at Tab C is a true and correct copy of a communication from Treasury's then-General Counsel dated March 29, 2002 concerning retention of tribal materials.

7. Attached at Tab D is a true and correct copy of the most recent employee retention reminder from Treasury's current General Counsel.

8. Attached at Tab E is a true and correct copy of what has been represented to me as the most recent employee retention reminder sent by FMS.

9. Attached at Tab F is a true and correct copy of what has been represented to me as the most recent employee retention reminder sent by Treasury's Bureau of Public Debt (BPD).

10. Attached at Tab G is a true and correct copy of what has been represented to me as FMS's letter to NARA advising it of the August 24, 2007 Order and the need to continue to retain FMS's records stored at Federal Records Centers.

11. Attached at Tab H is a true and correct copy of what has been represented to me as the most recent reminder sent by BPD to NARA advising it of the need to continue to retain BPD's records stored at Federal Records Centers.

12. Attached at Tab I is a true and correct copy of what has been represented to me as FMS's letter to the Federal Reserve Bank of St. Louis advising them of the August 24, 2007 Order and the need to continue to retain FMS records and asking that they further distribute this information as appropriate for the Federal Reserve organization.

13. Attached at Tab J are true and correct copies of what has been represented to me as letters from FMS to two former lockbox banks advising them of the August 24, 2007 Order and the need to continue to retain records potentially subject to discovery in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of September, 2007.

Loch W Savage