IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian tribe, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-899L<br>Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | Electronically Filed April 18, 2008 |
| Defendant. | ) | |

**JOINT STATUS REPORT REGARDING PROGRESS OF ADR PROCEEDINGS**

Plaintiff Swinomish Indian Tribal Community ("Plaintiff") and Defendant United States of America ("Defendant") (collectively the "parties") hereby submit this Joint Status Report to the Court, as required by the Court's Order of January 25, 2008 (Docket ("Dkt.") No. 40).

On June 29, 2007, the parties moved jointly for referral of the case to Senior Judge Eric Bruggink for alternative dispute resolution ("ADR") proceedings, thereby expressing their willingness to attempt to resolve some or all of the issues presented in this case in a cost-effective and efficient manner. Dkt. No. 22. On January 25, 2008, the Court granted the joint motion, referred the case to Judge Bruggink for ADR proceedings, and ordered the parties to report to the Court regarding the progress of ADR proceedings, beginning on April 18, 2008, and then every 91 days thereafter. Dkt. No. 40. This is the parties' first such status report.

**I. ADR AGREEMENT AND CAPO**

While the joint motion to refer this case to ADR was under advisement, the parties continued to develop their respective positions, negotiate and file with the Court various pleadings addressing procedural concerns in the case, and undertake informal discovery. In July and August, 2007, the parties negotiated and submitted for Court approval joint stipulations and proposed protective orders regarding document and data confidentiality ("CAPO") and regarding the preservation of documents, data, and tangible things relevant to, or likely to lead to the discovery of information relevant to, the case ("DPO"). Dkt. Nos. 18 and 29. The joint stipulations were modified and entered as Orders of the Court on July 31, 2007, and August 24, 2007, respectively. Dkt. Nos. 26 and 31.

Between September and December, 2007, Plaintiff consulted and negotiated with Defendant to resolve a potential CAPO-related dispute arising from a trust evaluation commenced by the Office of the Special Trustee for American Indians ("OST") of a Tribal program operated pursuant to a Compact between the parties. The parties successfully completed their negotiation and jointly proposed amendments to the CAPO on January 25, 2008 (Dkt. 38), which the Court approved and entered on March 5, 2008 (Dkt. No. 43).

After referral of this case to ADR Judge Bruggink, the parties began negotiating an agreement to govern the terms of, and confidentiality within, the ADR proceedings, as is required by RCFC Appendix H, 3(c). Those negotiations are continuing. The parties anticipate that they should be able to complete a draft ADR Agreement for submission to Judge Bruggink for his approval within the next two weeks.

During the course of their negotiations, the parties reached agreement that confidentiality is essential to their ADR or settlement negotiation process in this case and that all of their settlement communications, whether within or without the ADR proceedings before Judge Bruggink, and whether written or oral, will be kept confidential and will not be disclosed, except as agreed upon by the parties or authorized by the Court. Given the significance of the confidentiality of their ADR or settlement negotiation process in the case, the parties agreed that they should seek jointly a further amendment of the CAPO to protect the confidentiality of their settlement communications and to address the appropriate use and disclosure of those communications. The parties expect to file that joint motion and proposed amendments to the CAPO, within the next two weeks, for the Court's consideration. The parties will defer submission of the proposed ADR agreement to Judge Bruggink until after the Court has ruled upon the joint motion to amend the CAPO, so that they can ensure that the ADR agreement fully conforms with any modifications to the CAPO that the Court may enter.

## II. INFORMAL DISCOVERY AND DOCUMENT AND DATA PRODUCTION

By letter dated September 12, 2007, Defendant produced to Plaintiff 658 images (40 documents) responsive to Plaintiff's informal requests for production and a 4,018-page index of potentially responsive records stored at the American Indian Record Repository ("AIRR") in Lenexa, Kansas.

In January, 2008, Plaintiff informed Defendant of the informal discovery requests that Plaintiff considered to be outstanding from its previous request(s) dated March 2, 2007 and January 10, 2008. On January 28, 2008, Defendant produced 2,656 images (336 documents), in further response to Plaintiff's discovery requests. Specifically,

Defendant produced the Accounting Standards Manual of the Office of Historical Trust Accounting ("OHTA"); OHTA's annotated index and inventory of Arthur Andersen work papers relating to the Interior Department's trust fund reconciliation project, and unredacted versions of Arthur Andersen work papers. (Defendants had produced redacted versions of these work papers to Plaintiff on April 30, 2007, before the entry of the CAPO.)

In addition, Defendant provided to Plaintiff a searchable database, in MS Access format, derived from a search of the Box Indexing Search System ("BISS") relating to boxes of Indian trust data and documents (including those related to Plaintiff) located at the AIRR. That database should allow Plaintiff to identify and locate boxes that may contain relevant or potentially relevant documents at the AIRR.

Counsel for the parties conferred by telephone on February 29, 2008, about Plaintiff's additional informal document requests and Defendant's document productions in response thereto. Plaintiff made its informal requests by letter dated March 10, 2008. In response, Defendant produced numerous documents/images and data on April 2, 2008, including 284 pages of search results of the Trust Accounting and Asset Management System, which contain Individual/Tribal Interest Reports, Owner Document Reports, and Tract History Reports based upon seven Owner/ID numbers relating to Plaintiff and the tracts of land associated with those numbers. Defendant also produced 553 pages of results from searches of OST's Historical Query database, which contain transactional data for six accounts related to the Plaintiff. Also, Defendant produced the OHTA Common Dataset (in MS Access format). Defendant has informed Plaintiff that this OHTA Common Dataset captures the transactions posted to several of Plaintiff's

Proceeds of Labor and Judgment Fund accounts, as well as data about other transactions that were not reflected in the report or the results of the Tribal Trust Fund Reconciliation Project (commonly referred to as the "Arthur Andersen Project") relating to Plaintiff. In addition, Defendant produced the Data Validation Report, which contains OHTA's draft procedures for validating the completeness of account transaction data relating to Plaintiff for the July 1, 1972-March 31, 1995 period.

In further response to Plaintiff's March 10, 2008 letter, Defendant informed Plaintiff that the Solicitor's Office of the Interior Department reviewed the available BISS search reports for records stored at the AIRR and identified 341 boxes that potentially contain records responsive to Plaintiff's informal discovery requests. During the week of April 7, 2008, as an alternative to Plaintiff conducting an initial document inspection, the Solicitor's Office attorney assigned to this case traveled to the AIRR, reviewed 69 of the identified 341 boxes, and selected potentially relevant records from 40 of the 69 reviewed boxes, for reproduction. These selected, potentially relevant records are now in the Interior Department's imaging and coding process and will be produced to Plaintiff after they have been imaged and coded by the Interior Department contractor and after they have been reviewed by the Solicitor's Office and undersigned counsel for privilege and due diligence, respectively. The Solicitor's Office attorney is tentatively scheduled to resume the document review and selection of the remaining 272 boxes on April 29, 2008.

Also, Defendant informed Plaintiff that, during the April 7-11, 2008 document inspection, the Solicitor's Office attorney identified additional Swinomish account information and transmitted that information to OHTA so that OHTA could compile and provide any additional account transaction data that might be in their electronic historical

database. Defendant will produce to Plaintiff, as soon as practicable, any additional account numbers, as well as any corresponding transaction data, which OHTA derives from its database.

In consultation with its experts, Plaintiff is currently reviewing the documents and data that have been produced thus far by Defendant. Plaintiff anticipates that it will complete its review of the documents that remain to be produced by Defendant within 90 days of their production. The parties may need to modify this projected schedule to accommodate Defendant's data production capability and Plaintiff's experts' schedules.

**III. ADR PROCEEDINGS**

On February 19, 2008, ADR Judge Bruggink conducted a telephonic status conference with counsel for the parties. During the course of the conference, the parties discussed generally with Judge Bruggink the additional documents and data that Plaintiff needs from Defendant so that Plaintiff, in consultation with its experts, can provide a more definite statement of its claims for the ADR proceeding. The parties also discussed generally the negotiations that they had begun about the proposed mechanism for addressing Plaintiff's various claims in the ADR proceedings.

On April 17, 2008, the parties participated in another telephonic status conference with Judge Bruggink. The parties updated Judge Bruggink about the progress of their joint preparation of the ADR agreement and of their joint motion to amend the CAPO. Judge Bruggink and the parties engaged in an extended and substantive discussion of the status of informal discovery. Judge Bruggink and the parties agreed that the next Status Conference will be held on July 15, 2008.

**IV. DOCUMENT PRESERVATION ORDER**

Pursuant to Paragraph 3(a) of the Document Preservation Order dated August 24, 2007, Defendant notified Plaintiff, by letter dated April 2, 2008, that the Northwest Regional Solicitor's Office of the Interior Department planned to transfer, from its office in Portland, OR, to the AIRR, by no later than May 2, 2008, one box of documents that might contain relevant material that constitutes "documents, data and tangible things," as defined by Paragraph 2(a) of that order. On April 11, 2008, Defendant provided Plaintiff with available information about the contents of that box of documents, as well as the move and chain-of-custody plan. On April 16, 2008, Plaintiff informed Defendant that it does not wish to inspect the box prior to transfer to the AIRR.

On April 16, 2008, Defendant informed Plaintiff that, on April 3, 2008 the Solicitor's Office provided a periodic reminder of document preservation obligations, pursuant to Paragraph 4 of the Document Preservation Order, to the appropriate Interior offices. Specifically, the Solicitor's Office transmitted a copy of the Document Preservation Order and a memorandum from the Deputy Solicitor about the need to comply with the Document Preservation Order, to the BIA Northwest Regional Office, the BIA Puget Sound Agency, the Office of Trust Records, and OST. Defendant will continue to develop, in consultation with Plaintiff, further mechanisms for Defendant, in particular, the Solicitor's Office and Interior, to monitor compliance by the appropriate Interior Department offices with the Document Preservation Order. These further mechanisms, if any, would supplement those outlined in Defendant's Notice of Filing Status Report Describing Compliance Monitoring Mechanisms. Dkt. No. 35-4.

On April 17, 2008, Defendant provided Plaintiff with a CD-ROM containing a PDF file of the index of boxes at the AIRR that contain OST records that are potentially

relevant to Plaintiff. Defendant provided this document index in accordance with Paragraph 3(b) of the Document Preservation Order. Defendant also informed Plaintiff that there are no existing indices for the active files located at OST, the BIA Puget Sound Agency, or the BIA Northwest Regional Office.

## V. CONCLUSION

The parties will continue to work together to advance the ADR proceedings, resolve the claims and defenses in this litigation, and keep this Court apprised of their progress. To the extent that the parties cannot independently resolve any issues, they intend to seek the assistance of Judge Bruggink. If the parties are not able to resolve issues through the ADR process, one or both of the parties may file a motion with the Court. Pursuant to this Court's Order, the parties will file their next joint status report on or before July 18, 2008. (Dkt. No. 40).

Respectfully submitted this 18th day of April, 2008,

*s/ Stephen T. LeCuyer, by s/ Kevin E. Regan pursuant to written authorization provided on April 18, 2008*
STEPHEN T. LeCUYER
Swinomish Indian Tribal Community
P.O. Box 817
La Conner, WA 98257
Tel: (360) 466-7248
Fax: (360) 466-5309

Attorney of Record for Plaintiff

RONALD J. TENPAS
Assistant Attorney General

*s/ Kevin E. Regan*
KEVIN E. REGAN
United States Department of Justice
Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-3022
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MATTHEW MARINELLI
United States Department of Justice

Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0293
Fax: (202) 353-2021

KENNETH DALTON
Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA DAWSON
Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227