# In The United States Court of Federal Claims

No. 06-899L

(Filed: July 11, 2008)

SWINOMISH INDIAN TRIBAL COMMUNITY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**AMENDED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion for Entry of a Second Amended Confidentiality Agreement and Protective Order.

On July 31, 2007, pursuant to RCFC 26(c) and RCFC 16(c)(3), the Court entered a Confidentiality Agreement and Protective Order in this case. On March 6, 2008, the Court granted the parties' joint motion to amend the confidentiality and protective order, and it entered an amended confidentiality agreement and protective order in this case.

On May 16, 2008, the parties submitted a second joint motion to amend the Amended Confidentiality Agreement and Protective Order. The Court has reviewed this motion and finds that good cause exists for approval and entry of the Second Amended Confidentiality Agreement and Protective Order ("this Order").

Entry of this Order will facilitate efficient discovery and authorize production of confidential and proprietary records while protecting them from further disclosure consistent with applicable statutes, regulations, and court rules. Further, it will avoid waivers of exemptions from disclosure under the Freedom of Information Act, 5 U.S.C. § 552.

Entry of this Order will also facilitate the parties' attempts, within or without Alternative Dispute Resolution proceedings conducted pursuant to this Court's Order of January 25, 2008 ("ADR Proceedings"), to enter into discussions that may result in a mutually agreeable resolution

of some or all of the claims at issue in this case, without the need for protracted litigation. Further, it will protect the confidentiality of those discussions from unauthorized disclosure.

Accordingly, the court hereby **GRANTS** the motion.

**IT IS, THEREFORE, ORDERED** that:

1. **Scope and Definitions**. This Order shall govern production in this case of records in either party's possession, custody, or control. It shall limit use and further disclosure in this action of records that a party receives during the course of the action, regardless of the context of the receipt of the documents (*i.e.*, through formal or informal discovery, the informal settlement or Alternative Dispute Resolution process, or any other process). This Order shall also govern and limit use and disclosure of communications made for the purposes of settlement within or without ADR Proceedings.

(a) **"record" defined**. As used in this Order, "record" means any book, bill, calendar, chart, check, compilation, computation, computer or network activity log, correspondence, data, database, diagram, diary, document, draft, drawing, e-mail, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memo, minutes, note, order, paper, photograph, printout, recording, report, spreadsheet, statement, summary, telephone message record or log, transcript, video, voucher, work paper, writing, or worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof.

(b) **"Confidential Material" defined**. As used in this Order, "Confidential Material" means a record and information contained therein that (i) is or may be subject to the Privacy Act, 5 U.S.C. § 552a; the Trade Secrets Act, 18 U.S.C. § 1905; certain provisions of the National Historic Preservation Act, 16 U.S.C. § 470w-3; the Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); the Indian Mineral Development Act, 25 U.S.C. § 2103(c); the Mineral Leasing Act, 30 U.S.C. § 208-1; the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; the Federal Oil and Gas Royalty Management Act of 1982 as amended ("FOGRMA") 30 U.S.C. 1701, 1733(c), and the Defense Production Act, 50 U.S.C. App. § 2155(e); any regulation promulgated pursuant to any of the above Acts; or any other federal statute or regulation which protects federal records from public disclosure or exempts records in the possession of a federal agency, or a portion thereof, from mandatory disclosure pursuant to the Freedom of Information Act, 5 U.S.C. § 552; or (ii) contains trade secret, proprietary, commercial, or other confidential information, including but not limited to financial information of individual Indians or Tribes, within the scope of Rule 26(c) of the Court of Federal Claims.

(c) **"Settlement Communication" defined**. As used in this Order, "Settlement Communication" means any communication made, exchanged, or provided by Plaintiff; Plaintiff's officers, attorneys, representatives, employees, agents, experts, or consultants; Defendant; Defendant's officers, attorneys, representatives, employees, agents, experts, or consultants, in, or for the purposes of settling this case, regardless of whether the communication is oral, written, electronic, telephonic, or otherwise and regardless of whether the communication is within or without the ADR Proceedings. "Settlement Communication" includes but is not limited to communications or records provided for the purpose of settlement, in or through meetings, telephone calls, records not filed with the Court (including but not limited to correspondence, briefs, memoranda, reports, or appraisals), or any other record, or any part thereof.

2. **Production Authority**. Any record that either party asserts is Confidential Material is hereby authorized to be produced subject to the provisions of this Order.

3. **Privilege Review, Log, and Redactions**. Within a reasonable period of time after receipt of a request for access to records, whether by name, category, location, or otherwise, the responding party shall review the records and, as it completes privilege review, provide to the requesting party one or more privilege logs that list such records for which the responding party asserts privilege or protection from disclosure. Such privilege logs shall state for each listed record and any attachments thereto the date, recipient(s) (if known), author(s) (if known), privilege(s) asserted, a description of the content of the record sufficient to demonstrate the subject matter(s) addressed in the record and the basis of the asserted privilege or protection from disclosure, and information related to the location from which the record was obtained. Thereafter, the parties will confer to address any issue related to the privilege log(s) and to address the provision of copies of records for which the responding party asserts privilege or protection from disclosure, with redactions only of portions thereof that the responding party asserts to be privileged or protected.

4. **Notification and Access**. Within a reasonable period of time after receipt of a request for access to records, the responding party shall notify the requesting party that the records are available for access at a designated place under designated terms. The responding party shall then promptly provide the requesting party access to all such records for which the responding party does not assert privilege or protection from disclosure, in their entirety. The responding party shall provide such record access to the requesting party's attorneys, paralegals, experts, consultants, and contractors (hereinafter, "Researchers") as the requesting party's attorneys may direct at dates and times agreeable to the parties. Any records made available for a party's access shall be deemed confidential for purposes of the access.

5. **Agency Access Procedures**. Record access at offices of the parties' agencies shall be governed by established research procedures and agreements of the responding party or the relevant agency thereof unless the requesting party has a special need for alternative procedures or agreements, and provided that the agency access procedures as written, interpreted, or applied

shall not limit or delay production under RCFC 34 or this Order. The responding party shall provide copies of such procedures and agreements to the requesting party within a reasonable amount of time after identification of locations or agencies relevant to a particular access request. Each Researcher shall review any applicable access procedures and sign an applicable access agreement before being provided access to records pursuant to this paragraph unless otherwise agreed in writing or ordered by the Court.

6. **Acknowledgments and Certifications**. Before being provided access to or disclosure of the responding parties' records under this Order, any members of Plaintiff's governing body and designated authorized tribal officials or employees of Plaintiff (collectively, "Plaintiff's tribal officials"), any designated authorized federal officials or employees of Defendant (collectively, "Defendant's federal officials"), any witnesses, court reporters, or copy or computer service personnel, and any of the parties' experts, consultants, or contractors shall personally review this Order and shall execute and date an acknowledgment as follows: I acknowledge that I have read the Confidentiality Agreement and Protective Order which was approved and entered by the United States Court of Federal Claims in *Swinomish Indian Tribal Community v. United States*, on [date]. I understand the Order and agree to comply with its requirements for all record access or disclosure that is provided to me pursuant to the Order. The attorneys of record shall retain all such acknowledgments and certifications.

7. **Production Designations and Privilege Log Review**. If a responding party provides access to records rather than copies thereof, the requesting party shall designate physical records for production by tagging them and leaving them in the original folders in which they are filed and shall designate electronic records for production by identifying them in writing by record, category, search parameters, or other reasonable methods. Following review of redacted records and corresponding privilege logs provided pursuant to paragraph 3 above, the requesting party shall notify the responding party regarding any such records for which the requesting party disputes the responding party's assertion of privilege or protection.

8. **Copying and Labeling of Confidential Material**. Records designated for production by the requesting party shall within a reasonable period of time be copied or made available for copying at the responding party's option, either in their entirety or in the redacted form in which access to them was provided, expenses to be shared equally by the parties. Copied records shall be stamped or otherwise labeled "CONFIDENTIAL MATERIAL – DO NOT DISCLOSE." Copies of electronic records, when practicable, shall also include the endorsement "CONFIDENTIAL MATERIAL – DO NOT DISCLOSE" on the image and in a conspicuous place on the exterior of the CD-ROM, diskette, or other medium containing the record copies. A party may request that the responding party review endorsed records to determine if they contain confidential information; redact the confidential information; and produce a version of the records, after the necessary redactions, without the "CONFIDENTIAL MATERIAL – DO NOT DISCLOSE" endorsement. Such records shall no longer be subject to this Confidentiality Agreement and Protective Order.

9. **Production Format**. Unless otherwise agreed in writing, the responding party shall produce records in the format in which that party routinely uses or stores them, *provided* that electronic records shall be produced along with available technical information necessary for access or use thereof by the requesting party. If the requesting party is unable to access or use electronic records in the format used by the responding party, the parties shall try to agree on an electronic format that would be accessible or useable by the requesting party. If the responding party asserts that direct access to electronic records in a database or other electronic collection would be inappropriate, the parties shall attempt in good faith to agree on a protocol that will provide adequate information regarding the organization and structure of such records so that the requesting party can review such records or portions thereof for which the responding party does not assert privilege or protection from disclosure. If the requesting party is unable to access or use or is denied direct access to an electronic record, it may request that the responding party provide a paper version of or underlying source data for the electronic record.

10. **Confidential Materials**. Any Confidential Material produced to a party pursuant to this Order shall be kept strictly confidential by the receiving party, which may disclose or provide access thereto only pursuant to this Order, further order of the Court, or as otherwise agreed in writing by the parties. Plaintiff shall not use the Confidential Material produced by Defendant, or their contents, and Defendant shall not use the Confidential Material produced by Plaintiff, or their contents, for any purpose other than this litigation or related administrative proceedings before the Department of the Interior.

11. **Further Disclosure or Access**. Unless otherwise authorized under paragraph 10 above, each party may disclose or provide access to Confidential Materials produced by the other party pursuant to this Order only to the following: (a) attorneys of record in this action and attorneys, paralegals, and support staff in their offices in the course of representing the parties herein; (b) Plaintiff's tribal officials, United States government officials as necessary for purposes of this case, as well as witnesses, and experts, consultants, contractors, court reporters, and copy or computer service personnel retained by the parties or the parties' attorneys to assist in this case and persons in their employ, consistent with paragraph 6 above; and (c) the Court and its staff, consistent with paragraph 14 below.

12. **Confidentiality Controls**. The parties and all persons who are provided access to or disclosure of Confidential Materials pursuant to this Order shall employ reasonable measures consistent with this Order to control access to, duplication, and disclosure of such records. Whenever any such person is provided access to or disclosure of Confidential Materials by electronic means, such means shall be reasonably secure using available technology (including firewall and server security measures as appropriate), and the confidential nature of such information shall be clearly indicated to anyone accessing such records.

13. **Depositions**. If Confidential Materials are used as exhibits at a deposition, the parties shall, upon receipt of the transcript of the deposition, designate any pages thereof or exhibits thereto containing, quoting from or paraphrasing the Confidential Materials, and those

pages shall be stamped "CONFIDENTIAL MATERIAL – DO NOT DISCLOSE" and shall themselves be deemed to be Confidential Materials for purposes of this Order.

14. **Filings and Submissions**. The parties shall not file with the Court at any time in this action any motion, brief, pleading, or other filing or submission which attaches, quotes, or paraphrases Confidential Material unless the confidential portion of such filing or submission is filed under seal. The parties are hereby authorized to file under seal electronically. Filings and submissions under seal, and service thereof, shall be made in accordance with Appendix E of the Rules of the Court of Federal Claims and other applicable court rules, policies, and Orders. The parties shall not file with the Court or submit to any judge of the Court other than the Settlement Judge at any time in this action any motion, brief, pleading, or other filing or submission which attaches, quotes, or paraphrases any Settlement Communication.

15. **Dispute Resolution**. The parties shall negotiate promptly and in good faith to try to resolve all disputes or objections arising under or concerning any provision of this Order. If the parties cannot mutually resolve such a dispute or objection, including without limitation through the use of redactions, either party may seek a further order of the Court seeking appropriate relief.

16. **Inadvertent Disclosure of Privileged Records**. Any inadvertent or unintended disclosure of privileged records in this case on or after December 27, 2006 (including, but not limited to, privileged records received during the course of a trust evaluation review pursuant to 25 C.F.R. Part 1000, Subpart O), regardless of the context of disclosure and regardless of whether the records were designated as privileged at the time of disclosure, shall not be deemed a waiver in whole or in part of a subsequent claim of privilege, either as to the specific records disclosed or as to records related to the same subject matter. The producing party shall inform the receiving party of any inadvertent disclosure of privileged records immediately after discovering such disclosure. At the producing party's request, the receiving party shall either destroy or return the privileged record to the producing party immediately. Thereafter, the producing party shall, within a reasonable amount of time, provide a privilege log to opposing counsel regarding the inadvertently disclosed records. If the parties are unable to agree upon the entitlement of privilege regarding such records, they shall promptly bring the matter to the attention of the trial judge for resolution by appropriate motion.

17. **Settlement Communications.**

(a) All Settlement Communications are for settlement purposes only and shall be treated as compromise negotiations under Rule 408 of the Federal Rules of Evidence.

(b) The parties shall mark their written Settlement Communications with the following legend: "Confidential Settlement Communication – Do Not Disclose."

(c) All Settlement Communications shall be kept confidential and shall not be disclosed to any person or entity who is not Plaintiff; Plaintiff's officers,

attorneys, representatives, employees, agents, experts, or consultants; Defendant; Defendant's officers, attorneys, representatives, employees, agents, experts, or consultants; or the Settlement Judge, except as provided herein. Without limitation, Settlement Communications shall not be disclosed to individuals or entities affirmatively seeking their disclosure through requests submitted to the United States Department of the Interior, the United States Department of the Treasury, the United States Department of Justice, or any other agency of the United States pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

(d) Settlement Communications shall not be discoverable, admissible, or used as evidence in this case or any subsequent proceedings (including but not limited to litigation, ADR proceedings other than those conducted pursuant to this Court's Order of January 25, 2008, or administrative proceedings) except as provided herein.

(e) Facts and evidence that are not privileged and are otherwise independently discoverable from a party or non-party and/or admissible evidence shall not lose that characteristic or be rendered immune from discovery or inadmissible as a result of their use in ADR Proceedings or inclusion in Settlement Communications.

(f) A party may offer for admission or have admitted into evidence in this case or subsequent proceedings (including but not limited to litigation, ADR proceedings other than those conducted pursuant to this Court's Order of January 25, 2008, or administrative proceedings) or use in other settings, a Settlement Communication or portion thereof that –

(i) the party has made, generated, produced ,or obtained independently of the other party, if the Settlement Communication or portion thereof does not attach, quote, paraphrase, or rely upon the substance of any Settlement Communication or portion thereof provided by the other party, the disclosure of which is prohibited by this Order.

(ii) the party has received from the other party, only if the parties have conferred and agreed in writing that the Settlement Communication or portion thereof may be offered for admission into evidence or used in the manner proposed.

(iii) existed prior to December 27, 2006, *i.e.*, the date of filing of the Complaint in this action.

(g) Nothing in this paragraph is intended to limit in any way communications between or among a party and its officers, attorneys, representatives, employees, agents, experts, or consultants. Without limitation, counsel may disclose Settlement Communications as necessary to inform fully their respective client representatives about any proposed settlement resulting within or without the

ADR Proceedings and discuss settlement authority with their respective client representatives.

(h) Until further order of the Court, the provisions of this paragraph of this Order shall remain in full force and effect after dismissal of the case and regardless of whether the parties reach settlement.

18. **Final Disposition**. All individuals to whom Confidential Materials or Settlement Communications are disclosed shall return to counsel for the opposing party or destroy all Confidential Materials or Settlement Communications in their possession within 90 days of the formal termination of this litigation (including the resolution of any applicable appeals) or the termination of any administrative proceedings before the Department of the Interior, whichever occurs later, provided, however, that Plaintiff may retain any records that the parties agree may be retained in original or redacted form or that the Court orders may be retained. In the event that an individual or entity to whom Confidential Materials or Settlement Communications are disclosed is no longer a parties' attorney or designee, the individual or entity shall immediately return to counsel for such party all Confidential Materials or Settlement Communications in his or her possession. Upon request, individuals or entities returning or destroying Confidential Materials or Settlement Communications shall provide to counsel for the opposing party certification in writing that the Confidential Materials or Settlement Communications have been returned or destroyed.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge