IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian tribe, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-899L<br>Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | Electronically Filed July 16, 2008 |
| Defendant. | ) | |

**JOINT STATUS REPORT REGARDING PROGRESS OF ADR PROCEEDINGS**

Plaintiff Swinomish Indian Tribal Community ("Plaintiff") and Defendant United States of America ("Defendant") (collectively the "parties") hereby submit this Joint Status Report to the Court, as required by the Court's Order of January 25, 2008 (Docket ("Dkt.") No. 40).

On June 29, 2007, the parties moved jointly for referral of the case to Senior Judge Eric Bruggink for alternative dispute resolution ("ADR") proceedings, thereby expressing their willingness to attempt to resolve some or all of the issues presented in this case in a cost-effective and efficient manner. Dkt. No. 22. On January 25, 2008, the Court granted the joint motion, referred the case to Judge Bruggink for ADR proceedings, and ordered the parties to report to the Court regarding the progress of ADR proceedings, beginning on April 18, 2008, and then every 91 days thereafter. Dkt. No. 40. This is the parties' second such status report.

**I. ADR AGREEMENT AND CAPO**

As described in the parties' first status report, after referral of this case to ADR Judge Bruggink, the parties began negotiating an agreement to govern the terms of, and confidentiality within, the ADR proceedings, as is required by RCFC Appendix H, 3(c). During the course of their negotiations, the parties agreed that they should seek jointly a further amendment of the Confidentiality Agreement and Protective Order ("CAPO") to protect the confidentiality of their settlement communications and to address the appropriate use and disclosure of those communications. The parties filed a Joint Motion for Entry of Second Amended Confidentiality Agreement and [Proposed] Protective Order for the Court's consideration on May 16, 2008. Dkt. No. 46.

The parties have reached substantial agreement on the terms of the proposed ADR agreement to be submitted to Judge Bruggink for his approval, but had deferred submission to Judge Bruggink until after the Court had ruled upon the joint motion to amend the CAPO. Given the Court's granting of the parties' second joint motion to amend the CAPO and entry of the amended CAPO on July 11, 2008 (Dkt. No. 47), the parties anticipate reviewing and modifying the terms of their proposed ADR agreement, as necessary, to comply with the amended CAPO (Dkt. 47) and submitting the ADR agreement to Judge Bruggink by August 14, 2008.

**II. INFORMAL DISCOVERY AND DOCUMENT AND DATA PRODUCTION**

Since April 18, 2008, the parties have continued to work jointly to identify, locate, and exchange documents in Defendant's possession that Plaintiff has requested be produced pursuant to Plaintiff's informal discovery requests. In response to Plaintiff's informal requests for production, Defendant informed Plaintiff that an attorney from the

Solicitor's Office of the Department of the Interior traveled to the American Indian Record Repository in Lenexa, Kansas on three occasions: between April 7, 2008 and April 9, 2008; between April 29, 2008 and May 1, 2008; and between July 7, 2008 and July 9, 2008. To date, the Solicitor's Office attorney has reviewed more than 279 of the approximately 354 boxes that the Interior Department identified as containing potentially relevant records and has selected potentially relevant records from approximately 120 of the reviewed boxes for reproduction (as Defendant's counsel informed Plaintiff's counsel on July 11, 2008). These selected records are in various stages of the Interior Department's document production process. Eventually, the non-privileged images of the records will be produced to Plaintiff, on a rolling basis, after they have been electronically scanned and coded by an Interior Department contractor and after the Solicitor's Office and the Department of Justice have conducted the appropriate privilege and due diligence reviews, respectively.

Plaintiff notified Defendant on June 6, 2008 and June 24, 2008 of informal discovery requests that Plaintiff considered to be outstanding. On July 11, 2008 Defendant provided Plaintiff with account information and transmitted data related to Tribal IIM accounts described in Plaintiff's June 6, 2008 and June 24, 2008 letters. Defendant produced approximately 12,639 additional images (4,559 documents) on July 16, 2008.

As noted in the parties' first status report, Plaintiff continues to review and consult with its experts about the documents and data that have been produced thus far by Defendant. Plaintiff anticipates that it will complete its review of the documents that remain to be produced by Defendant within 90 days of their production. The parties may

need to modify this projected schedule to accommodate Defendant's data production capability and Plaintiff's experts' schedules.

**III. ADR PROCEEDINGS**

The parties previously reported that they participated in telephonic status conferences before ADR Judge Bruggink on February 19, 2008 and April 17, 2008.

On July 15, 2008, the parties participated in the third telephonic status conference before Judge Bruggink. The parties anticipate submitting the ADR agreement to Judge Bruggink by August 14, 2008 and informed Judge Bruggink of the substantial progress the parties have made in informal discovery. The parties also outlined for Judge Bruggink the activities they expect to take within the next 90 days. The parties and Judge Bruggink agreed that the next status conference will be October 14, 2008.

**IV. CONCLUSION**

The parties have made progress regarding the ADR proceedings thus far, and they will continue to work together to advance the proceedings, resolve the claims and defenses in this case without the need for further litigation, if possible, and keep this Court apprised of their progress. To the extent that the parties cannot independently resolve any issues, they intend to seek the assistance of ADR Judge Bruggink. If the parties are not able to resolve issues through the ADR process, one or both of the parties may file an appropriate motion with the Court. Pursuant to this Court's Order, the parties will file their next joint status report on or before October 17, 2008. (Dkt. No. 40).

Respectfully submitted this 16th day of July, 2008,

RONALD J. TENPAS
Assistant Attorney General

*<u>/s Stephen T. LeCuyer</u>*

STEPHEN T. LeCUYER
Swinomish Indian Tribal Community
P.O. Box 817
La Conner, WA 98257
Tel: (360) 466-7248
Fax: (360) 466-5309

Attorney of Record for Plaintiff

*s/ Kevin E. Regan, by Stephen T. LeCuyer pursuant to email <u>authorization dated July 16, 2008</u>*
KEVIN E. REGAN
United States Department of Justice
Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-3022
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MATTHEW MARINELLI
United States Department of Justice
Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0293
Fax: (202) 353-2021

KENNETH DALTON
Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA DAWSON
THOMAS KEARNS
Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227